**STATE of Tennessee, Appellee,**

v.

**Robert C. BUTLER, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

Jan. 18, 1984.

Permission to Appeal Denied by Supreme Court April 2, 1984.

William M. Leech, Jr., Atty. Gen. & Reporter, John F. Southworth, Jr., Asst. Atty. Gen., Nashville, William E. Dossett, Dist. Atty. Gen., Robert Jolley, Asst. Dist. Atty. Gen., Knoxville, for appellee.

Robert C. Butler, pro se.

### OPINION

O'BRIEN, Judge.

This case comes on an appeal from the Criminal Court for Knox County protesting dismissal of a post-conviction petition without the benefit of an evidentiary hearing. The majority of the post-conviction proceedings in this protracted litigation have been advanced by the petitioner, pro-se. In the order dismissing the petition the trial judge summarized the various legal proceedings initiated by petitioner since his conviction. He then found the issues raised in the petition to have been previously adjudicated or waived for failure to assert them in a prior proceeding. An appropriate disposition of this matter requires a summary of the salient facts.

On September 27, 1977, petitioner was found guilty of rape and sentenced to serve life in the penitentiary. A previous trial had resulted in a mistrial due to the inability of the jury to reach a verdict. On July 7, 1978 the judgment of conviction against petitioner was affirmed by this Court. On October 16, 1978 a petition for writ of certiorari was denied by the Supreme Court.

In November, 1978 a petition for writ of habeas corpus was filed in the United

States District Court for the Middle District of Tennessee.

On March 26, 1979 a petition for writ of habeas corpus was filed in the Davidson County, Tennessee, Criminal Court. These proceedings were transferred to the Criminal Court for Knox County on May 25, 1979.

On April 21, 1980 the United States District Court granted habeas corpus relief, directing the defendant's discharge from custody unless the State of Tennessee initiated new trial proceedings within ninety (90) days.

On April 23, 1980 the petitioner filed a motion in the State court to dismiss his post-conviction petition without prejudice because he had been afforded redress on another judicial level. On May 3, 1982, the trial court entered an order, nunc pro tunc for April 9, 1981, dismissing the petition for the reasons stated in petitioner's motion.

On August 13, 1982 the United States Court of Appeals for the Sixth Circuit upheld petitioner's conviction. An order dismissing the habeas corpus action in the District Court was filed on September 20, 1982.

On January 3, 1983 the post-conviction relief petition presently under consideration was filed in the trial court in Knox County, Tennessee. On February 21, 1983, prior to any response by the District Attorney General, and without an evidentiary hearing, the trial court entered an order dismissing the post-conviction petition.

The post-conviction petition filed alleges seven grounds for relief:

(1) Ineffective assistance of counsel.

(2) The cumulative factors (errors) which took place at trial prevented petitioner from receiving a fair and impartial trial.

(3) Portions of the State's closing argument violated petitioner's Fifth Amendment U.S. Constitutional right not to testify.

(4) Ineffective curative instructions by the trial court allowed the prosecutor at the conclusion of his rebuttal to make statements violative of petitioner's Fourteenth Amendment rights.

(5) The jury charge was insufficient to cure the constitutional error by the prosecutor.

(6) Petitioner was indicted and convicted by both unconstitutionally constituted grand and petit juries.

(7) Excessive pretrial television, radio, and newspaper publicity ... made it utterly impossible for the petitioner to receive a fair and impartial trial.

In this Court the petitioner has filed six issues for review. Each, in substance, charges ineffective assistance of counsel among other claims of constitutional violations.

In his order dismissing the post-conviction petition the trial judge found that petitioner's allegations concerning ineffective assistance of counsel had been waived under the provisions of T.C.A. § 40–30–112(b)(2) because petitioner had failed to raise this issue in his Federal Habeas Corpus Petition, noting, that he had raised the issue of effective assistance of counsel in his prior State petition, and had not stated any reason for his failure to present the matter in the Federal District Court. The trial judge overlooked the fact that petitioner was acting without the benefit of assistance of counsel in either of those proceedings. It is true that counsel was appointed for petitioner on appellate review to the Sixth Circuit Court of Appeals, however he was limited in the federal courts to issues previously exhausted in the State court. See *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). It is also true that some of the other matters raised in the current post-conviction petition have been previously adjudicated by the affirmance of petitioner's conviction in the appellate courts in this State. However, on the original appeal, this Court held that petitioner's complaint about the constitutionality of the jury selection process in Knox County was invalid because it was first raised in his motion for new trial.

The fact that the challenge was not made prior to trial requires an airing to determine the validity of the post-conviction challenge to the competency of trial counsel. The same is true about the failure to raise the issue of excess publicity on the direct appeal from the trial court. Recognizing that petitioner is an educated man of considerable intellect, it is still apparent from the hodge podge of pleadings and garbled documentation filed by him in an effort to obtain post-conviction relief that the assistance of counsel is necessary to aid both the petitioner and the courts in bringing this matter to a proper conclusion.

The case is remanded for an evidentiary hearing. The trial court will appoint counsel to amend the petition to present all valid grounds petitioner may have for relief under the Post-Conviction Procedure Act. T.C.A. § 40–30–104, and § 40–30–107. The District Attorney General will comply in accordance with T.C.A. § 40–30–114. The trial court will proceed in accordance with T.C.A. § 40–30–109, through T.C.A. § 40–30–111. No ground shall be excluded by reason of having been waived or previously determined unless the trial court determines that the provisions of T.C.A. § 40–30–112 have been strictly adhered to. Upon the conclusion of all hearings conducted in the trial court the trial judge will conform his order on the final disposition of the petition with the requirements of T.C.A. § 40–30–118.

Remanded for further proceedings in accordance with this opinion.

DWYER, J., and BEASLEY, Special Judge, concur.