William Lee SWANSON,
Petitioner–Appellee,

v.

STATE of Tennessee,
Respondent–Appellant.

Supreme Court of Tennessee,
at Knoxville.

April 11, 1988.

W.J. Michael Cody, Atty. Gen. and Reporter, Gordon Smith, Robert Conley, Asst. Attys. Gen., Nashville, Thomas J. Evans, Asst. Dist. Atty. Gen., Chattanooga, for respondent-appellant.

Michael A. Walcher, Janet L. Vest, Ritchie, Fels & Dillard, P.C., Knoxville, for petitioner-appellee.

## OPINION

DROWOTA, Justice.

In this case, the State of Tennessee, Respondent, appeals a decision of the Court of Criminal Appeals in favor of post-conviction Petitioner, William L. Swanson. This is Petitioner's second Petition for Post–Conviction Relief under the Post–Conviction Procedure Act, T.C.A. §§ 40–30–101, *et seq.* (the Act).[1] The issue in this case is whether the grounds for relief asserted by Petitioner have been waived within the meaning of T.C.A. § 40–30–112(b), which provides:

---

1. His first post-conviction case is reported as *State v. Swanson,* 680 S.W.2d 487 (Tenn.Cr.App. 1984) (*Swanson I.*).

"(1) A ground for relief is 'waived' if the petitioner knowingly and understandingly failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented.

(2) There is a rebuttable presumption that a ground for relief not raised in any such proceeding which was held was waived."

## I.

### A.

Petitioner was convicted in January, 1981, of murder in the second degree, for which he received a sentence of life. The jury in his criminal trial was instructed that all homicides were to be presumed malicious absent evidence to rebut the implied presumption of malice. The present post-conviction claim challenges the validity of this conviction on the grounds that the jury instructions violated the Fourteenth Amendment by relieving the State of the burden of proving each element of a criminal offense beyond a reasonable doubt. Such instructions as those given in Petitioner's criminal trial were declared unconstitutional by the United States Supreme Court in *Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979). The Hamilton County Criminal Court dismissed this second post-conviction petition without either appointment of counsel or an evidentiary hearing. The Court of Criminal Appeals, in an opinion written by Judge Byers, reversed the judgment of the trial court, holding "that the matter of whether the petitioner knowingly and understandingly waived the *Sandstrom* issue in previous proceedings or whether the rebuttable presumption of waiver is applicable cannot be determined from the record before us." The propriety of this decision by the Court of Criminal Appeals becomes evident when Petitioner's claim is seen in the context of a chronology of the development of the law following *Sandstrom:*

1. On June 18, 1979, *Sandstrom v. Montana, supra,* was decided.

2. Petitioner was convicted of second degree murder in January, 1981, by a jury instructed in violation of *Sandstrom;* this issue was not raised at trial or on appeal and his conviction was affirmed in December, 1981.

3. On December 20, 1982, *Phillips v. Rose,* 690 F.2d 79 (6th Cir.1982) (*Per curiam*) was decided, applying *Sandstrom* in this Federal Circuit.

4. In 1983, Petitioner filed his first post-conviction petition. After appointment of counsel and an evidentiary hearing in which four issues (including ineffective assistance of counsel but not including the *Sandstrom* violation) were tried, the petition was dismissed. In a reported decision, the Court of Criminal Appeals affirmed the dismissal of *Swanson I* on January 6, 1984.

5. On June 27, 1984, the United States Supreme Court decided *Reed v. Ross,* 468 U.S. 1, 104 S.Ct. 2901, 82 L.Ed.2d 1 (1984), to clarify the proper analysis to determine when a ground for relief not previously raised could not be waived for purposes of Federal habeas corpus relief.

6. On July 16, 1984, *Clark v. Rose,* 611 F.Supp. 294 (M.D.Tenn.1984), applied *Sandstrom* in this Federal District.

7. On October 9, 1984, the Tennessee Supreme Court adopted *Sandstrom* in Tennessee Courts in *State v. Bolin,* 678 S.W.2d 40, 44–45 (Tenn.1984). *Cf. State v. Caldwell,* 671 S.W.2d 459, 463 (Tenn.1984) (inference of malice language used by this Court).

8. On December 30, 1985, this Court decided *State v. Martin,* 702 S.W.2d 560 (Tenn.1985), in which it applied *Sandstrom* to find prejudicial error in the instructions given in a death penalty case, noting that "in fairness to the trial judge, it should be pointed out that the present case was *tried in 1983* prior to the opinion of this Court in [*State v. Bolin, supra*]." 702 S.W.2d at 564 (emphasis added).

9. Petitioner filed this *pro se* Petition on January 21, 1986 (*Swanson II*).

10. During the pendency of *Swanson II,* the Court of Criminal Appeals decided three cases in 1986 similar in some respects

to this one. None has been published as of this time.[2] The first two deal directly with *Sandstrom* issues; the last solely with waiver:

a. *Turnbill v. State,* filed at Knoxville, June 10, 1986 (Daughtrey, Tatum, and Cornelius, JJ.) [available on WESTLAW, 1986 WL 6636];

b. *Gahagan v. State,* filed at Jackson, July 30, 1986 (Scott, Duncan, and Tatum, JJ.) [available on WESTLAW, 1986 WL 8299];

c. *Austin v. State,* filed at Jackson, December 10, 1986 (Scott, O'Brien, and Duncan, JJ.) [available on WESTLAW, 1986 WL 13956].

11. The opinion in *Swanson II,* the case *sub judice,* was filed by the Court of Criminal Appeals at Knoxville on January 8, 1987; the panel was comprised of Judges Byers, Cornelius, and Jones.

12. On July 2, 1986, still during the pendency of *Swanson II,* the United States Supreme Court held that *Sandstrom* errors are subject to harmless error analysis. *Rose v. Clark,* 478 U.S. 570, 106 S.Ct. 3101, 92 L.Ed.2d 460 (1986).

13. On January 12, 1988, the United States Supreme Court held that *Sandstrom* is to be given retroactive application. *Yates v. Aiken,* — U.S. ——, 108 S.Ct. 534, 98 L.Ed.2d 546 (1988).

### B.

The Petition in this case, styled "Petition for Writ of Habeas Corpus/Or In the Alternative a Petition for Post–Conviction [Relief]," was filed *pro se.* Although this Petition displays some facility with language, its allegations are rudimentary and somewhat inept. He states that the reason that he failed to raise the *Sandstrom* issue at any previous proceeding (on appeal or in his first post-conviction case) was that it could not have been raised at the time, relying on *Clark v. Rose, supra.*

The State answered this Petition by a conclusory Motion to Dismiss filed on January 27, 1986, on the grounds that a prior post-conviction petition had been heard and finally dismissed on January 4, 1984. Without appointment of counsel, allowance of Petitioner to amend, or an evidentiary hearing on the issue of the validity of a waiver, the trial court summarily granted the State's Motion to Dismiss on February 7, 1986. The Petitioner filed a Motion to Reconsider and a Memorandum in Support of Motion to Reconsider, requesting appointment of counsel and an opportunity to amend the Petition. These pleadings demonstrate that Petitioner is fairly capable in dealing with the issues but also reveal his limited ability to make a cogent legal argument. The trial court again summarily overruled the Motion to Reconsider on February 24, 1986. The Court of Criminal Appeals reversed and remanded, instructing the trial court to appoint counsel and to hold an evidentiary hearing on the issue of waiver and any other relevant matters. We now affirm.

### II.

Recently, this Court recognized that "[p]ost-conviction relief is not a forum to review errors of law as a substitute for direct appeal.... nor does a post-conviction proceeding permit the petitioner to relitigate claims of error raised and determined previously." *State v. McClintock,* 732 S.W.2d 268, 272 (Tenn.1987) (citations omitted). Nevertheless, the Act also does not necessarily contemplate that one and only one post-conviction petition will be allowed to any one petitioner in every case. The terms of the statute itself permit more than one petition when justified. Like any legislation, the Act is to be construed *in pari materia* to achieve its intended purposes. T.C.A. § 40–30–105 expressly permits relief when the grounds were not recognized at the time of the conviction and have been applied retroactively. This pro-

---

2. We refer to these unpublished opinions in this case not for any propositions of law contained in them, but because they were relied on by Respondent to reveal an apparent inconsistency among the decisions of different panels of the Court of Criminal Appeals. Permission to Appeal was denied by this Court in each case. Each is briefly discussed in Section III of this opinion.

vision necessarily allows more than one petition to be filed in some cases.

Section 40–30–104 sets out the required allegations of a petition filed under the Act. When a petition does not conform to the requirements of T.C.A. § 40–30–104, "no petition for relief shall be dismissed for failure to follow the prescribed form or procedure until after the judge has given the petitioner reasonable opportunity, with the aid of counsel, to file an amended petition." T.C.A. § 40–30–107. Under T.C.A. § 40–30–109, a "petition [must be] competently drafted" before the court may order dismissal because the records, pleadings, and files in a case conclusively show that petitioner is entitled to no relief. T.C.A. § 40–30–112 recognizes that several petitions might be filed over time, necessarily so in any case in which retroactive application of previously unrecognized applications of constitutional rights is available, T.C.A. § 40–30–105, if the grounds for relief have neither been previously determined nor waived. A rebuttable presumption of waiver arises if the asserted grounds for relief could have been but were not presented in any prior proceedings at the first reasonable opportunity. Under T.C.A. § 40–30–115(a), the court "may freely allow amendments and shall require amendments needed to achieve substantial justice and a full and fair hearing of all available grounds for relief." T.C.A. § 40–30–115(b) requires the court to "look to the substance rather than the form of the petition," reiterating the principle stated in T.C.A. § 40–30–107 that "no petition shall be dismissed for technical defects, incompleteness or lack of clarity until after the petitioner has had reasonable opportunity, with aid of counsel, to file amendments." Finally, T.C.A. § 40–30–118 requires the trial court to state its reasons for its disposition of a petition. In short, a petition stating a colorable claim for relief or demonstrating an unwaived or undetermined ground for relief is to be considered on its merits. Technical grounds for dismissal are clearly disfavored for such petitions.

■ This Court has previously held that a *pro se* petition under the Act is "held to less stringent standards than formal pleadings drafted by lawyers, and the test is whether it appears beyond doubt that the [petitioner] can prove no set of facts in support of his claim which would entitle him to relief." *Baxter v. Rose*, 523 S.W.2d 930, 939 (Tenn.1975) (citation omitted). Furthermore, when a colorable claim is presented in a *pro se* petition, dismissal without appointment of counsel to draft a competent petition is rarely proper. *Id.* See also *Mayes v. State*, 671 S.W.2d 857, 858 (Tenn.Cr.App.1984). If the availability of relief cannot be conclusively determined from a *pro se* petition and the accompanying records, the petitioner must be given the aid of counsel. T.C.A. §§ 40–30–104, 40–30–107, 40–30–115. "Where a petition conclusively shows that the petitioner is entitled to no relief, it is properly dismissed without the appointment of counsel and without an evidentiary hearing. T.C.A. § 40–30–109...." *Givens v. State*, 702 S.W.2d 578, 580 (Tenn.Cr.App.1985). See also *Haynes v. State*, 637 S.W.2d 467 (Tenn.Cr.App.1982); *Cureton v. Tollett*, 477 S.W.2d 233 (Tenn.Cr.App.1971); *Crumley v. Tollett*, 4 Tenn.Cr.App. 495, 474 S.W.2d 148 (1971); *Skinner v. State*, 4 Tenn.Cr.App. 447, 472 S.W.2d 903 (1971); *Moran v. State*, 3 Tenn.Cr.App. 118, 457 S.W.2d 886 (1970); *State ex rel. Reed v. Heer*, 218 Tenn. 338, 403 S.W.2d 310 (1966). *Accord Underwood v. Livesay*, 721 S.W.2d 824 (Tenn.Cr.App.1986); *Gant v. State*, 507 S.W.2d 133 (Tenn.Cr.App.1973); *Sloan v. State*, 477 S.W.2d 219 (Tenn.Cr.App.1971); *Stokely v. State*, 4 Tenn.Cr.App. 241, 470 S.W.2d 37 (1971); *Bland v. State*, 2 Tenn. Cr.App. 77, 451 S.W.2d 699 (1969). As the Court of Criminal Appeals stated in *State v. Butler*, 670 S.W.2d 241 (Tenn.Cr.App. 1984), "the assistance of counsel is necessary to aid both the petitioner and the courts in bringing this matter to a proper conclusion." *Id.*, at 243.

■ When a petition is filed, T.C.A. § 40–30–104(a)(8) requires the petitioner to state whether any appeals or other claims for relief have been filed previously and to note the decisions, the courts, and grounds

for relief asserted. T.C.A. § 40–30–104(a)(10) provides that the petitioner state the circumstances in which the claim for relief arises and "whether they have been previously presented to any court and, if not, why not." The petition should thus reveal on its face that more than one petition has been filed, raising the issues of waiver or prior determination. T.C.A. § 40–30–112 is consistent with the requirements of T.C.A. § 40–30–104. The cases construing the waiver provision of T.C.A. § 40–30–112 require that the petitioner make an affirmative showing of why an issue was not raised at an earlier opportunity to rebut the presumption of waiver. Such a waiver must have been knowingly and understandingly made, however, for the presumption to survive attack. In *Arthur v. State,* 483 S.W.2d 95 (Tenn.1972), a *pro se* petition was dismissed without either appointment of counsel or an evidentiary hearing; the Court affirmed because "the record [did] not show that the petitioner presented, or had sufficient grounds for not presenting, to the court that convicted him, the facts of which he now complains, he waived them and is precluded from relying on them." *Id.,* at 97. As noted, post-conviction proceedings are not intended to permit incessant relitigation of convictions and contemplate the timely, all-inclusive assertion of alleged deprivations of constitutional rights, and "[b]efore [a petitioner can] successfully [obtain] State post-conviction relief he had to have presented a legal excuse for not having litigated his ground(s) at [a] prior time, as it is otherwise deemed waived." *Recor v. State,* 489 S.W.2d 64, 70 (Tenn.Cr.App.1972). *See also, e.g., Brown v. State,* 489 S.W.2d 268, 270 (Tenn.Cr.App.1972). Nevertheless, the waiver provision cannot logically or legally "apply to a defense [or grounds for relief] ... which did not exist and could not have been asserted by the most diligent counsel at the [prior] hearing." *Pruett v. State,* 501 S.W.2d 807, 809 (Tenn.1973). Moreover, "[n]o ground shall be excluded by reason of having been waived or previously determined unless the trial court determines that the provisions of T.C.A. § 40–30–112 have been *strictly* adhered

to." *State v. Butler, supra,* at 243 (emphasis added). If a colorable claim is presented by a *pro se* petition, then dismissal is inappropriate either because a competently drawn petition is not before the court or because the entire record, pleadings, and other evidence do not conclusively show that the petitioner is entitled to no relief; if such a *pro se* petition is dismissed, then on appeal

> "[a]t this juncture in the case, it is not for us to judge facts. We must accept that alleged as true, unless clearly contrary to what has already been adjudicated.... Nor can we, or the trial judge, say that petitioner knew and understood what he was doing simply because he did it, in the face of his sworn statement now that he did not know."

*Skinner v. State, supra,* 4 Tenn.Cr.App. at 450, 472 S.W.2d at 904.

■ We restate the law regarding the evaluation and disposition of petitions under the Act not to effect any change in it, but to demonstrate that they may not readily be dealt with on technical grounds. The simple fact that a petitioner has had one bite at the post-conviction apple does not *ipso facto* preclude another bite when the petitioner can show that no knowing and understanding waiver of a ground for relief was made, or that the claim was not previously determined, or that it was unavailable at the time of any prior proceeding.

### III.

■ In the context of the case law and by reading the Act *in pari materia,* the Petition in this case must be evaluated. As the chronology set out above shows, a colorable claim has been presented by Petitioner in this case. A *pro se* petition cannot be held to the standards of a petition drafted by a lawyer. This *pro se* Petition does not rise to the level of being competently drawn, which is required by the Act, and the trial court failed to look to the substance of the Petition as required by the Act and by *Baxter v. Rose, supra,* at 939. As late as 1983, the time of *Swanson I,* courts in this State were still utilizing

jury instructions that violated *Sandstrom.* The fact that *Sandstrom* was decided in 1979 did not automatically cut off claims by any person subsequently convicted under these improper jury instructions. Such a mechanical application of the law, without any recognition of the interval that is necessary for a previously unrecognized rule of law to be applied in practice, defeats the statutory intent of the Act, divorcing the case from reality and putting form above substance. Thus, as the Court of Criminal Appeals correctly concluded, the trial court improperly failed to provide Petitioner the aid of counsel and the opportunity to amend the Petition, T.C.A. §§ 40–30–107, 40–30–109, and 40–30–115; moreover, the trial court failed to state the grounds on which the Petition was dismissed pursuant to T.C.A. § 40–30–118.[3] In addition, that T.C.A. § 40–30–112 was strictly adhered to is not at all clear on this record and the State's Motion to Dismiss in response to the nature of the claim presented by this Petition was an inadequate, perfunctory pleading in this case. As stated, a subsequent post-conviction petition is not always precluded under the Act and the State's conclusory contention in the trial court that Petitioner has filed a prior petition cannot be the sole grounds to justify a dismissal when the claim presented is that the ground did not exist at the time of the prior petition, unless this claim is *conclusively* incorrect. Waiver was not found by the trial court and was not argued by the State until the case was presented to the Court of Criminal Appeals.

■ Consequently, the opinion of the Court of Criminal Appeals has appropriately applied the terms of the Act to this case. We do not think that appointment of counsel or a hearing is necessarily required in every case. When a colorable claim for relief has been presented, a hearing may not be necessary after the petitioner has had the assistance of counsel to amend the petition, by which the court may then fully evaluate the merits of the claim. Furthermore, we note that the opinions in *Turn-*

*bill, Gahagan,* and *Austin, supra,* are not inconsistent with the opinion of the Court of Criminal Appeals in this case because each case must depend in large measure on its own circumstances. T.C.A. §§ 40–30–104 and 40–30–112 clearly contemplate a case-by-case evaluation of petitions. In *Turnbill,* the petitioner had assistance of counsel in drafting his second petition, which was dismissed because the facts alleged were not sufficient to rebut the presumption of waiver. *Gahagan* was that petitioner's fourth petition for post-conviction relief. *Austin* involved a petitioner who had an exhaustive hearing at his first post-conviction proceeding, during which he was represented by four attorneys. In each case, on its facts, a waiver could properly be attributed to the petitioner. *Swanson II* is not in the same posture—factually or legally—as any of these three cases.

We express no opinion controlling the ultimate disposition of this Petition. The judgment of the Court of Criminal Appeals is affirmed and the case is remanded for further proceedings not inconsistent with this opinion. The costs are taxed to the State.

HARBISON, C.J., and FONES, COOPER and O'BRIEN, JJ., concur.

---

**3.** This does not necessarily constitute reversible error but it does indicate that the Petition was not properly considered under T.C.A. §§ 40–30–109 and 40–30–115.