IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

JULY 31, 1998 SESSION



FILED

September 11, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| MARIO BOWSER, | ) | |
| | ) | NO. 02C01-9803-CR-00093 |
| Appellant, | ) | |
| | ) | SHELBY COUNTY |
| VS. | ) | |
| | ) | HON. CAROLYN WADE |
| STATE OF TENNESSEE, | ) | BLACKETT, JUDGE |
| | ) | |
| Appellee. | ) | (Post-Conviction) |


**FOR THE APPELLANT:**

**MARIO BOWSER,** *Pro Se*
#269851
Cold Creek Correctional Facility
P.O. Box 1000
Henning, TN  38041

**FOR THE APPELLEE:**

**JOHN KNOX WALKUP**
Attorney General and Reporter

**GEORGIA BLYTHE FELNER**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN  37243-0493

**WILLIAM L. GIBBONS**
District Attorney General

**MICHAEL H. LEAVITT**
Assistant District Attorney General
201 Poplar Avenue, Suite 301
Memphis, TN  38103-1947


**OPINION FILED:** _____


**REVERSED AND REMANDED**


**JOE G. RILEY,**
**JUDGE**

## OPINION

The petitioner, Mario Bowser, appeals the order of the Shelby County Criminal Court denying his "Motion For Post-Conviction Relief Filing To Be Held In Abeyance." On appeal, he claims that the trial court abused its discretion in denying the requested relief and maintains that counsel should be appointed with leave to file an amended petition. We hold that the trial court erred in not appointing counsel to file an amended petition.

### I

On January 21, 1997, petitioner entered guilty pleas to two (2) counts of aggravated assault, two (2) counts of attempted first degree murder and aggravated perjury. No appeal was taken from petitioner's convictions.

On January 16, 1998, petitioner filed a "Motion For Post-Conviction Relief Filing To Be Held In Abeyance," requesting 180 days to file a post-conviction petition "due to the fact he is trying to purchase records to use as evidence in post-conviction proceeding that will show proof-in-facts as stipulated to were erroneous and false upon entering his guilty plea." Petitioner further alleged that his guilty pleas in January 1997 were involuntary due to the fact that he received ineffective assistance of counsel. The trial court found that there is no provision in Tennessee law which would allow or mandate the tolling of the statue of limitations for post-conviction filing, except under narrow, statutorily defined circumstances. Accordingly, the trial court summarily denied petitioner's motion.

### II

#### A.

In several prior cases, this Court has ruled upon similar issues. In <u>Charles Frank Griffin v. State</u>, C.C.A. No. 1161, Hamilton County (Tenn. Crim. App. filed

June 21, 1990, at Knoxville), the petitioner filed documents similar to the present case entitled "Petition for Post Conviction Relief Filing to be Held in Abeyance" and "Motion for Additional Time for Filing of Post-Conviction Relief." However, in those documents, the petitioner did not allege a constitutional violation and filed the documents two (2) days after the expiration of the statute of limitations. This Court upheld the trial court's summary dismissal, basing its decision on the petitioner's failure to allege a constitutional violation and the untimely filing of the pleadings. Charles Frank Griffin v. State, No. 1161, 1990 Tenn. Crim. App. LEXIS 422, at *1-2.

In another case, the petitioner filed a "petition for post-conviction relief filing to be held in abeyance" on the day prior to the expiration of the statute of limitations. Billy Ferrell Waddell v. State, C.C.A. No. 03C01-9107-CR-197, Knox County (Tenn. Crim. App. filed January 28, 1992, at Knoxville). In this document, the petitioner did not directly allege any ground for relief but requested additional time to file his petition. Approximately two weeks after the petitioner filed this document, he filed a petition for post-conviction relief. This Court concluded that the first document "was a sufficient petition to get the appellant's petition before the court." Billy Ferrell Waddell v. State, No. 03C01-9107-CR-197, 1992 Tenn. Crim. App. LEXIS 60, at *1. The Court noted that Tennessee law favors substance over form in post-conviction matters. Id. The Court then found that the prior document was the petition for post-conviction relief, and the second document was an amendment to the petition. Id. Thus, the Court reversed the trial court's decision denying relief and remanded for an evidentiary hearing. Id.

Recently, in Earl Crawford, Jr. v. State, C.C.A. No. 03C01-9610-CR-00385, Bradley County (Tenn. Crim. App. filed July 29, 1997, at Knoxville), the petitioner filed a similar pleading two (2) days prior to the expiration of the statute of limitations. The document alleged no constitutional violations, but claimed that the petitioner would subsequently file a post-conviction petition "as to the improper and illegal methods utilized by the state to secure said sentences against petitioner." Earl Crawford, Jr. v. State, No. 03C01-9610-CR-00385, 1997 Tenn. Crim. App. LEXIS 721, at *1. This Court affirmed the trial court's dismissal of the pleading,

3

holding that the petitioner alleged no facts showing a constitutional abridgement and, therefore, did not allege a colorable claim upon which to base the petition. Id. at *2.

**B.**

When a post-conviction petition alleges a colorable claim for relief, it should not be dismissed upon technical grounds but should be heard on its merits. Allen v. State, 854 S.W.2d 873, 875 (Tenn. 1993). This is especially true regarding *pro se* petitions. Id. Indeed,

> a *pro se* petition under the Act is "held to less stringent standards than formal pleadings drafted by lawyers, and the test is whether it appears beyond doubt that the [petitioner] can prove no set of facts in support of his claim which would entitle him to relief." Baxter v. Rose, 523 S.W.2d 930, 939 (Tenn. 1975) (citation omitted). Furthermore, when a colorable claim is presented in a *pro se* petition, dismissal without appointment of counsel to draft a competent petition is rarely proper. Id. *See also* Mayes v. State, 671 S.W.2d 857, 858 (Tenn. Crim. App. 1984). If the availability of relief cannot be conclusively determined from a *pro se* petition and the accompanying records, the petitioner must be given the aid of counsel. T.C.A. §§ 40-30-104, 40-30-107, 40-30-115. . . As the Court of Criminal Appeals stated in State v. Butler, 670 S.W.2d 241 (Tenn. Cr. App. 1984), "the assistance of counsel is necessary to aid both the petitioner and the courts in bringing this matter to a proper conclusion." Id., at 243.

Swanson v. State, 749 S.W.2d 731, 734 (Tenn. 1988).

**C.**

This Court recognizes that the present petition is controlled by the 1995 Post-Conviction Procedure Act (Tenn. Code Ann. § 40-30-201, et. seq) and the above cases were decided under the prior Act (Tenn. Code Ann. § 40-30-101, et. seq). The current statute, Tenn. Code Ann. § 40-30-206(d), requires a petition for post-conviction relief to be "clear and specific . . . including full disclosure of the factual basis of [the] grounds. . . If, however, the petition was filed pro se, the judge may enter an order stating that the petitioner must file an amended petition that complies with this section within fifteen (15) days or the petition will be dismissed." The trial court may appoint counsel to file an amended petition. Tenn. Code Ann. § 40-30-206(e).

Although the petition in this case is styled as a motion and requests leave to subsequently file a petition for post-conviction relief, we conclude this *pro se*

pleading sufficiently alleges a colorable claim for relief under the 1995 Act. The pleading specifically alleges an involuntary guilty plea and ineffective assistance of counsel. The pleading states, in pertinent part:

> Petitioner contemplates filing a petition for post-conviction relief challenging the involuntariness of his guilty plea entered on 1-21-97 wherein he was rendered ineffective assistance of counsel when court appointed counsel refused to investigate the facts of the case to be in an informed position to properly prepare an adequate defense to the case that would place the State's evidence through an adversarial testing process in violation of the Sixth and Fourteenth Amendments to the United States Constitution and Article I, § 8 and 9 of the Tennessee Constitution. Petitioner contends that he was forced, pressured, and intimidated into entering his guilty plea.

**D.**

We acknowledge that the trial court was correct in its determination that the Post-Conviction Procedure Act of 1995 does not authorize tolling the statute of limitations upon request of a petitioner. However, favoring substance over form, we do not construe the motion narrowly. The allegations in the pleading sufficiently allege constitutional violations to warrant the appointment of counsel. We, therefore, remand this case to the trial court for appointment of counsel and the filing of an amended petition.

_____
**JOE G. RILEY, JUDGE**

**CONCUR:**


_____
**PAUL G. SUMMERS, JUDGE**


_____
**DAVID G. HAYES, JUDGE**

5