# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### JANUARY SESSION, 1999

FILED

May 12, 1999

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **LARRY SNEED,** | ) | **C.C.A. NO. 01C01-9803-CC-00117** |
| | ) | |
| Appellant, | ) | |
| | ) | **MAURY COUNTY** |
| **V.** | ) | |
| | ) | |
| | ) | **HON. JIM T. HAMILTON, JUDGE** |
| **STATE OF TENNESSEE,** | ) | |
| | ) | |
| Appellee. | ) | **(POST-CONVICTION)** |

FOR THE APPELLANT:                    FOR THE APPELLEE:

**LARRY SNEED,** *pro se*                **JOHN KNOX WALKUP**
919 Myers Avenue                     Attorney General & Reporter
Columbia, TN  38401

**KAREN M. YACUZZO**
Assistant Attorney General
2nd Floor, Cordell Hull Building
425 Fifth Avenue North
Nashville, TN  37243

**T. MICHAEL BOTTOMS**
District Attorney General

**ROBERT C. SANDERS**
Assistant District Attorney General

**JESSE DURHAM**
Assistant District Attorney General
P.O. Box 1619
Columbia, TN  38401-1619

OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# **OPINION**

The Petitioner, Larry Sneed, appeals as of right the trial court's dismissal of his petition for post-conviction relief. In this appeal, Petitioner contests the trial court's order rescinding its decision to expunge his record, and he claims that he was unaware of the nature of the charges against him when he entered his guilty plea. After a careful review of the record, we affirm the judgment of the trial court.

On March 17, 1994, Petitioner pled guilty to 11 counts of passing worthless checks, one count of theft, and one count of vandalism.. Petitioner subsequently filed a post-conviction petition challenging that plea which the trial court dismissed. Petitioner appealed to this Court and a panel of the Court rejected the majority of Petitioner's claims. See Sneed v. State, 942 S.W.2d 567 (Tenn. Crim. App. 1996), perm. to appeal denied (Tenn. 1997). However, this Court did remand the case so the trial court could enter written findings of fact and conclusions of law. Id. at 569. This Court was particularly interested in whether Petitioner understood the nature of the charges against him. Id. On remand, Petitioner informed the post-conviction court that he had served his prison term and was no longer incarcerated and the court therefore found that the issues concerning his plea were moot. The trial court then issued an order expunging Petitioner's record. The court subsequently decided that it did not have the authority to enter such an order, and it rescinded the order and entered an order in compliance with this Court's request for findings of fact and conclusions of law. Petitioner timely filed his notice of appeal.

## I. Expungement

In his prior appeal, this Court rejected all but one of Petitioner's claims, and remanded the case on the one narrow issue, stating:

> The petitioner also complains that the trial court did not state on the record or set forth in its order its findings of fact and conclusions of law as required by T.C.A. § 40-30-118(b) (1990 Repl.) (repealed 1995). While we acknowledge that this failure 'does not necessarily constitute reversible error,' Swanson v. State, 749 S.W.2d 731, 736 fn. 3 (Tenn. 1988), it does pose a problem here because of the issue concerning the petitioner's understanding of the nature of the charges against him, as set forth above. Accordingly, we reverse the judgment below with respect to this sole issue and remand this matter to the court below with instructions to enter its written findings of fact and conclusions of law as required by statute. Either party shall have the right to appeal as of right to this Court from the findings of the court below on the sole issue of whether the petitioner understood the nature of the charges against him. As to all other issues raised in this appeal, the judgment below is affirmed.

Sneed, 942 S.W.2d at 569-70.

At the hearing on remand, the post-conviction court learned that Petitioner had served his sentence and was no longer incarcerated. After erroneously concluding that the issue before the court was moot due to Petitioner's release, the court issued an order expunging Petitioner's record on the charges at issue in this appeal. The court subsequently rescinded that order and stated the following:

> The Order of Expungement of February 17, 1998 must be set aside. T.C.A. 40-32-101 does not provide for the Expungement of records of convictions that have not been reversed and dismissed. The convictions in these cases have not been reversed and dismissed.
>
> The Post Conviction Judgment was remanded to the trial court for a 'written order of findings of fact and conclusions of law to be entered.' The Court did not find that there had been reversible error in the guilty pleas and convictions.
>
> Therefore, the records of convictions in the case numbers 7749, 7940 and 8165 are not to be expunged.

In this appeal, Petitioner argues that the trial court erred in rescinding its order of expungement. Tennessee Code Annotated section 40-32-101(a)(1) provides in pertinent part that a trial court may expunge the record "of a person who has been charged with a misdemeanor or a felony, and which charge has been dismissed, or a no true bill returned by a grand jury, or a verdict of not guilty returned by a jury or a conviction which has by appeal been reversed . . . ." After concluding that Petitioner's convictions did not fall within any of these provisions, the court appropriately rescinded its order of expungement.

Furthermore, the court had the jurisdiction to rescind its erroneous order. A trial court's judgment becomes final thirty days after its entry unless a timely notice of appeal or specified post-trial motion is filed. See State v. Moore, 814 S.W.2d 381, 382 (Tenn. Crim. App. 1991). The court generally loses jurisdiction to amend an order once it has become final. Id. In this case, the court entered its expungement order on February 17, 1998, and its order rescinding that order on March 6, 1998. Therefore, the court had not yet lost jurisdiction. This issue is without merit.

## II.  Guilty Plea

Petitioner argues in this issue that the post-conviction court erred in concluding that he understood the nature of the charges against him. In compliance

with this Court's opinion, the post-conviction court made the following factual and legal findings regarding this issue:

> The record shows that the [Petitioner] was advised by the Trial Court of the charges against him and the [Petitioner] acknowledged that he understood the charges. He was also advised of his right to a jury trial, that the State had to prove the charges beyond a reasonable doubt, that the [Petitioner] did not have to testify in the trial, that he could subpoena witnesses for his defense and could be represented by counsel.
>
> The [Petitioner] was represented by counsel in his plea and plea negotiations and signed a Petition to Plead Guilty, which was entered into the record, in which were set out the [Petitioner's] right[s] includ[ing] those cited above. The Petition contained the terms of the agreement and a statement that the [Petitioner] was offering his guilty plea freely, voluntarily, and of his own account. It also recited that his attorney had explained the matter to him, and that he understood them.
>
> The Trial Court did not advise the [Petitioner] of the fact that the convictions that he was agreeing to could be used to enhance punishment for any convictions in the future.
>
> Based on the entire record the Court concluded that the [Petitioner] had freely, voluntarily, and knowingly entered his guilty plea, and that there were no constitutional violation[s] in the proceeding to form a basis for a Post Conviction Relief. Therefore under the law the [Petitioner's] Petition should be and was denied.

We agree with the trial court's findings, despite the fact that Petitioner's written plea agreement was not made part of the record on appeal. It appears from the record and Petitioner's brief, that the only conviction Petitioner specifically contests is the one he received for the offense of theft. At the first post-conviction hearing, the trial court asked Petitioner what he did not understand about the charges at his guilty plea hearing and Petitioner gave the following response: "Your Honor, I pleaded guilty to a charge and received a four year sentence. I have absolutely no idea what that charge was for." Petitioner's indictment on that charge alleged in

relevant part that Petitioner "did unlawfully and knowingly obtain property, to-wit: cash money, over the value of One Thousand ($1,000.00) Dollars, of First Farmers & Merchants Bank, John Cotham, agent, without his effective consent, with the intent to deprive the said First Farmers & Merchants Bank, John Cotham, agent thereof, in violation of Tennessee Code Annotated 39-14-103 . . . ." At the guilty plea hearing, the following colloquy took place regarding this charge:

> The Court: In Case No. 7940, you're entering a Plea of Guilty to one (1) count of Theft: Class D, because you are, in fact, guilty of that offense?
>
> Petitioner: Yes, Sir.

Based on the foregoing, we find that the proof is sufficient that Petitioner did in fact understand the charges against him, specifically the theft conviction he contests. First of all, the indictments in this case set forth the elements of the offenses and the factual basis for each charge. Secondly, Petitioner admitted at the guilty plea hearing that he had discussed the charges with his attorney and that he understood the charges to which he was pleading guilty. Finally, Petitioner stated to the trial court that he was in fact guilty of the charges and that he freely and voluntarily chose to plead guilty. We find that the record does not preponderate against the trial court's findings. See McBee v. State, 655 S.W.2d 191, 195 (Tenn. Crim. App. 1983). The factual findings of the trial court in hearings are conclusive on appeal unless the evidence preponderates against the judgment. See State v. Buford, 666 S.W.2d 473, 475 (Tenn. Crim. App. 1983). This issue is without merit.

Based on the foregoing, we affirm the judgment of the trial court.

_____
THOMAS T. WOODALL, Judge


CONCUR:



_____
DAVID H. WELLES, Judge


_____
JERRY L. SMITH, Judge