IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 11, 2014

## CHARLES CALHOUN v. STATE OF TENNESSEE

## Appeal from the Criminal Court for Davidson County
No. 2011-D-2974      Seth Norman, Judge

———————————

## No.  M2013-01942-CCA-R3-PC - Filed June 17, 2014

———————————

Petitioner, Charles Deon Calhoun, pled guilty to two counts of aggravated robbery.  He then filed a pro se petition for post-conviction relief, alleging ineffective assistance of counsel. The post-conviction court summarily dismissed the petition for failing to state a colorable claim for relief.  Petitioner appealed, arguing that the court erred in dismissing his petition without holding an evidentiary hearing and without appointing counsel to assist in presenting his claim.  Upon review of the record, we affirm the decision of the post-conviction court dismissing the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, and NORMA MCGEE OGLE, JJ., joined.

Charles Calhoun, Pro Se, Only, Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter; Meredith Devault, Assistant Attorney General; Victor S. Johnson, District Attorney General; Dan Hamm, Assistant District Attorney General, for the respondent, State of Tennessee.

## OPINION

*Factual Background*

On October 17, 2011, the Davidson County Grand Jury indicted Petitioner for two

counts of aggravated robbery, one count of robbery, and one count of attempted robbery. On May 3, 2012, Petitioner pled guilty to the two counts of aggravated robbery and agreed to a sentence of eight years, to be served at 85%.[1] The sentence was ordered to run consecutively to a sentence imposed for a violation of his parole. The other charges were dismissed by the State. Petitioner filed a timely pro se petition for post-conviction relief on May 6, 2013. As grounds for relief, Petitioner claimed ineffective assistance of counsel and listed several allegations against his trial attorney. Specifically, he alleged that his attorney had failed to challenge the affidavit of complaint prior to the guilty plea hearing, failed to thoroughly investigate or prepare a defense for trial, failed to properly cross-examine the State's witnesses, failed to file a motion to suppress the line-up identification of Petitioner, and that his attorney's overall performance was "constitutionally deficient based on the cumulative effect of errors." The post-conviction court dismissed the petition without an evidentiary hearing and without appointing counsel. Petitioner filed this appeal, arguing that the post-conviction court erred in dismissing his petition. We disagree.

*Analysis*

Under the Post-Conviction Procedure Act, a petition for relief "must contain a clear and specific statement of all grounds upon which relief is sought, including full disclosure of the factual basis of those grounds. A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings." T.C.A. § 40-30-106(d). The post-conviction court shall dismiss a petition if it fails to state a colorable claim for relief. *See* T.C.A. § 40-30-106(f). A colorable claim is defined by Tennessee Supreme Court Rule 28, § 2(h) as "a claim, in a petition for post-conviction relief, that, if taken as true, in the light most favorable to petitioner, would entitle petitioner to relief under the Post-Conviction Procedure Act." The decision of a post-conviction court to summarily dismiss a petition for post-conviction relief is reviewed de novo as a question of law. *See Burnett v. State*, 92 S.W.3d 403, 406 (Tenn. 2002).

Grounds for post-conviction relief are limited to situations where the conviction "is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103. Petitioner alleged in his original post-conviction petition that he received ineffective assistance of counsel. To support such a claim, the petition would have to contain sufficient factual assertions to satisfy the two-pronged test established by *Strickland v. Washington*, 466 U.S. 668 (1984). In other words, Petitioner "must show first that counsel's performance was deficient and second that the deficient performance prejudiced the defense." *Burnett*, 92 S.W.3d at 408. In order to show prejudice with regard to a guilty plea, Petitioner would have to demonstrate that, "but

---

[1] A transcript of the guilty plea hearing is not included in the record. The facts are taken from the post-conviction court's order of dismissal.

2

for counsel's errors, he would not have pleaded guilty but would have insisted upon going to trial." *Hicks v. State*, 983 S.W.2d 240, 246 (Tenn. Crim. App. 1998) (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

In his post-conviction petition, Petitioner made several allegations about his attorney's overall preparedness for trial. Some of Petitioner's claims would not establish deficient performance under the first prong of the *Strickland* test. For example, Petitioner alleges that his attorney failed to properly cross examine the State's witnesses. However, he does not indicate when this cross examination was to have taken place. We can assume that since Petitioner pled guilty, there was no trial during which witnesses could have been cross examined. Additionally, Petitioner's guilty plea waived his right to confront the witnesses against him.

Other claims made by Petitioner could arguably establish that trial counsel's performance was deficient under the first prong of the *Strickland* test; however, there are no factual allegations in the petition as to how these deficiencies prejudiced the defense under the second prong. For example, Petitioner alleged that his attorney failed to file a motion to suppress, but he does not allege how this failure impacted the outcome of his case or his decision to plead guilty. As noted by the post-conviction court, "Petitioner has not alleged in the [p]etition that he would not have pleaded guilty if counsel had. . . performed any of the functions mentioned in the [p]etition." None of the allegations listed in the petition relate to trial counsel's ability to advise Petitioner regarding a guilty plea, nor do they mention any impact trial counsel's actions had on Petitioner's decision to plead guilty. Therefore, Petitioner has failed to state a colorable claim for ineffective assistance of counsel.

On appeal, Petitioner argues that it was "implied or should have been implied" in his petition that he would not have pled guilty if his trial counsel performed any of the functions listed in the petition. However, the Post-Conviction Procedure Act is clear that a petition "*must contain a clear and specific statement* of all grounds upon which relief is sought. . . Failure to state a factual basis for the grounds alleged *shall result in immediate dismissal of the petition*." T.C.A. § 40-30-106(d) (emphasis added). It is not the job of the post-conviction court to "read between the lines," so to speak. While it is generally true that a petition filed pro se is "held to less stringent standards than formal pleadings drafted by lawyers," *Swanson v. State*, 749 S.W.2d 731, 734 (Tenn. 1988), it must still contain sufficient facts to make out a colorable claim for relief. Because Petitioner failed to include sufficient facts, we see no error on the part of the post-conviction court in summarily dismissing his petition.

*Conclusion*

We find that Petitioner failed to state a colorable claim of ineffective assistance of

3

counsel in his petition for post-conviction relief.  Therefore, we affirm the decision of the post-conviction court in summarily dismissing the petition.


_____
JERRY L. SMITH, JUDGE