IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
September 10, 2015 Session


WILLIAM LANCE WALKER v. STATE OF TENNESSEE


Appeal from the Circuit Court for Marshall County
No. 14CR41     Robert G. Crigler, Judge

_____


No. M2014-02331-CCA-R3-PC – Filed February 12, 2016
_____


William Lance Walker ("the Petitioner") filed a Petition for Post-Conviction Relief alleging ineffective assistance of counsel. The Petition was denied after a hearing. On appeal, the Petitioner asserts for the first time that trial counsel was ineffective for failing to call for the sequestration of witnesses during the Petitioner's suppression hearing. We conclude that the Petitioner has waived this claim by failing to include it in the Petition and by failing to present any proof about this claim at the post-conviction hearing. Additionally, we conclude that, even if the issue were not waived, the Petitioner has failed to show that he was prejudiced by trial counsel's alleged deficiency. We affirm the judgment of the post-conviction court.


**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the Court, in which THOMAS T. WOODALL, P.J., and ROBERT W. WEDEMEYER, J., joined.

Michael Meise (on appeal), Dickson, Tennessee, and James R. Tucker, Jr. (at hearing), Shelbyville, Tennessee, for the appellant, William Lance Walker.

Herbert H. Slatery III, Attorney General and Reporter; Brent Cherry, Senior Counsel, Caitlin E. D. Smith, Assistant Attorney General; Robert Carter, District Attorney General; and Weakley E. Barnard, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## Factual and Procedural Background

*Motion to Suppress and Trial*

Prior to trial, the Petitioner filed a motion to suppress the confession he made to police during the search of his residence, wherein he admitted that he had regularly driven to Nashville to obtain cocaine for resale. The trial court held a hearing on the motion, but trial counsel did not request that the rule of sequestration be implemented.

At the hearing, Assistant Director of the Seventeenth Judicial District Drug Taskforce Timothy Miller, testified that he assisted in the execution of a search warrant at the Petitioner's residence. During the search, the Petitioner indicated that he wanted to speak with officers in the bathroom, so Assistant Director Miller and Tim Lane, Director of the Seventeenth Judicial District Drug Taskforce, followed the Petitioner into the bathroom. Assistant Director Miller advised the Petitioner of his Miranda rights, and the Petitioner said he understood his rights, but he did not sign a written waiver. The Petitioner told the officers that, in the thirty-one days prior to the search, he travelled to Nashville once a week and brought back to Lewisburg approximately two ounces of powder cocaine each time. He then converted some of the powder cocaine to crack cocaine and sold it. Assistant Director Miller also recalled that the Petitioner took ownership of the cocaine found in his residence during the search. On cross-examination, Assistant Director Miller stated that Director Lane was the only other person who heard Assistant Director Miller recite the Miranda warnings to the Petitioner. Assistant Director Miller recalled that the Petitioner was placed in handcuffs when police arrived. Assistant Director Miller could not recall when the handcuffs were removed, but he stated that the Petitioner was not handcuffed when they interviewed him.

Director Lane testified that he obtained the search warrant for the Petitioner's residence and that he was present during the search of that residence. Director Lane stated that he participated in the interview of the Petitioner with Assistant Director Miller and that he was present when Assistant Director Miller recited the Petitioner's Miranda rights. The following exchange also occurred between Director Lane and the State:

Q: You heard what [Assistant Director] Miller testified to today that he fully and completely advised [the Petitioner] of his rights verbally?

A: He did.

Q: Is that your memory also?

A: That is my memory.

On cross-examination, Director Lane reiterated that the Petitioner "said he understood his rights; he was willing to waive his rights and he subsequently talked to us." The following exchange also occurred with trial counsel:

Q: You heard [Assistant Director] Miller's testimony just a second ago where he said he asked [the Petitioner] ["]with that in mind do you still want to talk to us.["]

A: If I did hear it I didn't, you know, catch it here. I can't testify in regards to Mr. Miller's testimony. I can only testify in regards to my testimony.

Q: I am asking you what you heard.

A: I just told you I don't remember hearing that portion.

Q: You are sitting here listening so you can tell me what you recall.

A: Yes.

Finally, Director Lane also had this exchange with trial counsel:

Q: Then in your estimate if you, and I am trying to see who would have been in ear shot, that is where I am going with this.

A: I don't think anybody would have been within ear shot.

Q: So no one heard this?

A: No, I do not think so other than the [Petitioner], myself and [Assistant Director] Miller regarding what was discussed.

There again, [Assistant Director] Miller testified and I can add to that testimony about the fact that it was obvious to me, I am sure it was obvious to [Assistant Director] Miller, that for some reason the [Petitioner] wanted to be interviewed somewhere where no one was going to hear what he told us.

At the close of proof, the Petitioner argued that the Miranda warnings should have been recited at the moment when the Petitioner was taken into custody. Further, he asserted that he was not sufficiently warned of his rights when Assistant Director Miller simply recited the Miranda warnings without having the Petitioner sign the Miranda waiver. The trial court found that the Petitioner was properly advised of his rights prior

to being interrogated by police and that the Petitioner knowingly and voluntarily waived those rights. The trial court denied the motion.

Following a jury trial, the Petitioner was convicted of two counts of possession with the intent to sell one-half gram or more of cocaine, two counts of possession with the intent to deliver one-half gram or more of cocaine, and possession of drug paraphernalia. State v. William Lance Walker, No. M2011-02588-CCA-R3-CD, 2013 WL 5436704, at *1 (Tenn. Crim. App. Sept. 27, 21013), perm. app. denied (Tenn. Jan. 16, 2014). The trial court merged each conviction for possession with intent to deliver with each conviction for possession with intent to sell. Id. This court affirmed his convictions on appeal. Id.

*Post-Conviction Proceedings*

We first note that Petitioner's attorney in this appeal was appointed by this court and is not the same attorney who represented the Petitioner in post-conviction court.

The Petitioner filed a timely pro se Petition for Post-Conviction Relief ("the Petition") alleging several claims of ineffective assistance of counsel. However, the Petition did not assert any claim that trial counsel was ineffective for failing to request the rule of sequestration at the beginning of the suppression hearing. Post-conviction counsel was appointed and was directed to "file any and all amendments [to the Petition] he shall deem to be necessary[.]" There is no amended petition included in the record on this appeal.

At the hearing on the Petition, the Petitioner testified concerning several allegations of ineffective assistance of counsel, but he did not provide any testimony about trial counsel's failure to request the rule of sequestration at the suppression hearing. Trial counsel testified and was asked a variety of questions about her representation of the Petitioner. However, no questions were asked about her failure to request that the witnesses be sequestered at the suppression hearing. Trial co-counsel testified that she assisted in the Petitioner's defense. She also was asked no questions regarding the failure to request sequestration of the witnesses at the suppression hearing. In its order denying post-conviction relief, the post-conviction court made no findings as to trial counsel's failure to request that the witnesses be sequestered at the suppression hearing.

## Analysis

The sole issue presented on appeal is whether trial counsel rendered ineffective assistance of counsel when she failed to ask that the witnesses be sequestered during the suppression hearing. In his brief, the Petitioner candidly admits that this issue was not raised in the Petition and that no proof was presented about this issue at the post-

conviction hearing. Nevertheless, the Petitioner asserts that this court should not treat the issue as waived because no amended petition was filed and "a [p]ro [s]e petitioner would likely not be familiar with [Tennessee Rule of Evidence] 615 and not understand how important it is it sequester the only two witnesses at his suppression hearing." The Petitioner also contends that failure to invoke the rule of sequestration resulted in prejudice because it allowed Director Lane to tailor his testimony to match that of Assistant Director Miller. The State argues that the Petitioner has waived our consideration of this issue by failing to raise it in either the Petition or at the post-conviction hearing. Additionally, the State contends that, even if the issue was not waived, the Petitioner has failed to show that he was prejudiced by trial counsel's failure to invoke the rule of sequestration.

In order to prevail on a petition for post-conviction relief, a petitioner must prove all factual allegations by clear and convincing evidence. Jaco v. State, 120 S.W.3d 828, 830 (Tenn. 2003). Post-conviction relief cases often present mixed questions of law and fact. See Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001). Appellate courts are bound by the post-conviction court's factual findings unless the evidence preponderates against such findings. Kendrick v. State, 454 S.W.3d 450, 457 (Tenn. 2015). When reviewing the post-conviction court's factual findings, this court does not reweigh the evidence or substitute its own inferences for those drawn by the post-conviction court. Id.; Fields, 40 S.W.3d at 456 (citing Henley v. State, 960 S.W.2d 572, 578 (Tenn. 1997)). Additionally, "questions concerning the credibility of the witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are to be resolved by the [post-conviction court]." Fields, 40 S.W.3d at 456 (citing Henley, 960 S.W.2d at 579); see also Kendrick, 454 S.W.3d at 457. The trial court's conclusions of law and application of the law to factual findings are reviewed de novo with no presumption of correctness. Kendrick, 454 S.W.3d at 457.

The right to effective assistance of counsel is safeguarded by the Constitutions of both the United States and the State of Tennessee. U.S. Const. amend. VI; Tenn. Const. art. I, § 9. In order to receive post-conviction relief for ineffective assistance of counsel, a petitioner must prove two factors: (1) that counsel's performance was deficient; and (2) that the deficiency prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); see State v. Taylor, 968 S.W.2d 900, 905 (Tenn. Crim. App. 1997) (stating that the same standard for ineffective assistance of counsel applies in both federal and Tennessee cases). Both factors must be proven in order for the court to grant post-conviction relief. Strickland, 466 U.S. at 687; Henley, 960 S.W.2d at 580; Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996). Accordingly, if we determine that either factor is not satisfied, there is no need to consider the other factor. Finch v. State, 226 S.W.3d 307, 316 (Tenn. 2007) (citing Carpenter v. State, 126 S.W.3d 879, 886 (Tenn. 2004)). Additionally, review of counsel's performance "requires that every effort be made to

eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689; see also Henley, 960 S.W.2d at 579. We will not second-guess a reasonable trial strategy, and we will not grant relief based on a sound, yet ultimately unsuccessful, tactical decision. Granderson v. State, 197 S.W.3d 782, 790 (Tenn. Crim. App. 2006).

As to the first prong of the Strickland analysis, "counsel's performance is effective if the advice given or the services rendered are within the range of competence demanded of attorneys in criminal cases." Henley, 960 S.W.2d at 579 (citing Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975)); see also Goad, 938 S.W.2d at 369. In order to prove that counsel was deficient, the petitioner must demonstrate "that counsel's acts or omissions were so serious as to fall below an objective standard of reasonableness under prevailing professional norms." Goad, 938 S.W.2d at 369 (citing Strickland, 466 U.S. at 688); see also Baxter, 523 S.W.2d at 936.

Even if counsel's performance is deficient, the deficiency must have resulted in prejudice to the defense. Goad, 938 S.W.2d at 370. Therefore, under the second prong of the Strickland analysis, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. (quoting Strickland, 466 U.S. at 694) (internal quotation marks omitted).

Initially, we must address whether the Petitioner has waived our consideration of this issue. To support his assertion that his claim should not be waived, the Petitioner cites Swanson v. State, 749 S.W.2d 731 (Tenn. 1988), wherein the supreme court stated:

> We restate the law regarding the evaluation and disposition of petitions under the Act not to effect any change in it, but to demonstrate that they may not readily be dealt with on technical grounds. The simple fact that a petitioner has had one bite at the post-conviction apple does not *ipso facto* preclude another bite when the petitioner can show that no knowing and understanding waiver of a ground for relief was made, or that the claim was not previously determined, or that it was unavailable at the time of any prior proceeding.

Swanson, 749 S.W.2d at 735. However, this case is readily distinguishable from Swanson. First, in Swanson the post-conviction court summarily dismissed the petitioner's second pro se petition for post-conviction relief without appointment of counsel. Id. at 732. In this case, the Petitioner was appointed counsel, who was instructed to file an amended petition if necessary. No amended petition is included in

the record. Further, the Petitioner was given the opportunity to present proof of his claim at a post-conviction hearing, but he failed to present proof about trial counsel's failure to call for sequestration of the witnesses at the suppression hearing. Contrary to the Petitioner's contentions, this is not a case where a claim for relief was excluded simply due to a pro so petitioner's ignorance of the law, and the Petitioner has failed to provide any proof that "no knowing and understanding waiver of a ground for relief was made[.]" See id. at 735.

Second, the leniency described in Swanson applied to the pre-1995 Post-Conviction Procedure Act. See William G. Allen v. State, No. M2009-02151-CCA-R3-PC, 2011 WL 1601587, at *5 (Tenn. Crim. App. Apr. 26, 2011), perm. app. denied (Tenn. Aug. 25, 2011); 1995 Tenn. Pub. Acts 305. The Petitioner filed the Petition under the amended Post-Conviction Procedure Act, which states in relevant part:

> (d) The petitioner shall include all claims known to the petitioner for granting post-conviction relief and shall verify under oath that all the claims are included.
>
> (e) The petitioner shall include allegations of fact supporting each claim for relief set forth in the petition and allegations of fact explaining why each ground for relief was not previously presented in any earlier proceeding. The petition and any amended petition shall be verified under oath. Affidavits, records or other evidence available to the petitioner supporting the allegations of the petition may be attached to it.

Tenn. Code Ann. § 40-30-104(d)-(e) (2012). Further, the Act provides guidance to determine when a claim is waived:

> (g) A ground for relief is waived if the petitioner personally or through an attorney failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented unless:
>
> (1) The claim for relief is based upon a constitutional right not recognized as existing at the time of trial if either the federal or state constitution requires retroactive application of that right; or
>
> (2) The failure to present the ground was the result of state action in violation of the federal or state constitution.

Tenn. Code Ann. § 40-30-106(g) (2012).  Moreover, this court has long held that issues raised for the first time on appeal are waived.  See Tenn. R. App. P. 36; State v. Johnson, 970 S.W.2d 500, 508 (Tenn. Crim. App. 1996).

In this case, the Petitioner freely admits that the issue raised on appeal was not included in the Petition.  See Tenn. Code Ann. § 40-30-104(d).  Further, the Petitioner's claim that trial counsel was ineffective for failing to request the sequestration of witnesses is not based upon a constitutional right that was not recognized at the time of his trial, and there is no evidence that his failure to present such a claim was the result of state action in violation of the federal or state constitution.  See Tenn. Code Ann. § 40-30-106(g).  Finally, the Petitioner failed to present any proof on this issue at the post-conviction hearing, and the post-conviction court made no findings regarding this issue.  As we have said many times, issues raised for the first time on appeal are waived.  See Tenn. R. App. P. 36; Johnson, 970 S.W.2d at 508.  We are unconvinced by the Petitioner's claim that Swanson requires us to view the Petition with leniency, and we conclude that the Petitioner has waived our consideration of this issue on appeal.

Waiver notwithstanding, the Petitioner has failed to prove that he was prejudiced by trial counsel's failure to request that the witnesses be sequestered at the suppression hearing.  The Petitioner claims that he was prejudiced because Director Lane tailored his testimony as to whether the Petitioner effectively waived his Miranda rights to match that of Assistant Director Miller's.  To illustrate how Director Lane tailored his testimony, the Petitioner cites to the three portions of Director Lane's testimony quoted above.  However, we are unable to conclude that those portions of Director Lane's testimony show that Director Lane changed his testimony to match that of Assistant Director Miller's.  Instead, it is clear that Director Lane was testifying from his own memory and relating his recollection to the testimony of Assistant Director Miller.  The Petitioner has failed to show by clear and convincing evidence that he was prejudiced by trial counsel's failure to request sequestration of the witnesses at the suppression hearing and is not entitled to relief.

### Conclusion

For the aforementioned reasons, the judgment of the post-conviction court is affirmed.

_____
ROBERT L. HOLLOWAY, JR., JUDGE

- 8 -