IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
June 28, 2005 Session

## BRONZO GOSNELL, JR. v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Greene County**
**No. 04-CR-242    James E. Beckner, Judge**

_____

**No. E2004-02654-CCA-R3-PC - Filed August 19, 2005**

_____

A Greene County jury convicted the Petitioner, Bronzo Gosnell, Jr., of second degree murder, and the trial court sentenced him to twenty-five years in prison. This Court affirmed the Petitioner's conviction on direct appeal, and the Tennessee Supreme Court denied permission to appeal. The Petitioner filed a petition for post-conviction relief, which the post-conviction court summarily dismissed as time-barred. Because we agree that the petition is time-barred, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and NORMA MCGEE OGLE, JJ., joined.

Paul Whetstone, Mosheim, Tennessee, for the appellant, Bronzo Gosnell, Jr.

Paul G. Summers, Attorney General and Reporter; Kathy D. Aslinger, Assistant Attorney General; C. Berkeley Bell, Jr., District Attorney General; and Eric Christiansen, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**
**I. Facts**

On September 22, 1999, a Greene County jury found the Petitioner guilty of second degree murder. The trial court sentenced the Petitioner to twenty-five years in prison. On March 20, 2001, this Court affirmed the Petitioner's conviction and sentence. See State v. Gosnell, 62 S.W.3d 740 (Tenn. Crim. App. 2001), *perm. app. denied* (Tenn. 2001). On October 5, 2004, the Petitioner, through appointed counsel, filed a petition for post-conviction relief. In his petition, the Petitioner avers that he never received notice that application for permission to appeal to the Tennessee Supreme Court had been filed or notice that the Court denied permission to appeal. Further, the Petitioner avers that he first received a copy of this Court's opinion in his direct appeal during a conference with his post-conviction counsel in September of 2004.

In his petition, the Petitioner asserts that he was denied the effective assistance of counsel at trial and on direct appeal. He also asserts that the trial court erred in not requiring the State to elect offenses and that the trial court incorrectly instructed the jury on the requisite "knowing" mental state. The State responded that the Petitioner's petition for post-conviction relief was time-barred because it was filed outside the one year statutory limitation period.

The trial court dismissed the Petitioner's petition for post-conviction relief, without a hearing, stating:

[The Petitioner] files a petition for post-conviction relief. This is his first petition for post conviction relief. The petition attaches a pleading which he calls a "Motion for Correction of Judgment and Sentence."

The [P]etitioner was convicted on September 22, 1999, of second degree murder and sentenced to [twenty-five] years.

The [P]etitioner appealed and his appeal was denied by the Tennessee Court of Criminal Appeals on March 20, 2001. Permission to appeal was denied by the Tennessee Supreme Court on October 22, 2001.

There can be no question but that the petition is time-barred under TCA § 40-30-102, unless the [P]etitioner should be afforded the benefit of a new constitutional rule to be applied retroactively. . . .

Of the several grounds for relief advocated only one can be said to involve a new constitutional rule to be applied retroactively: That the trial court erred in instructing the jury as to the mens rea of "Knowing", for second degree murder. All other grounds have either been previously determined or are time-barred.

This court charged both the result of the conduct and the awareness of the nature of the conduct prongs of the then accepted "Knowing" instruction.

State v. Page, 81 S.W.[3d] 781 (Tenn. Crim. App. 2002) reversed for such a charge in a second degree murder case, and held the failure to instruct properly was not harmless error under the facts of that case.

The Page court held that the erroneous instruction in many or most cases would be harmless error.

This case is distinguished from Page in several respects. This was a first degree murder trial and the [S]tate's theory was premeditation or felony murder. The [P]etitioner denied having anything to do with the murder. The mens rea of the [P]etitioner was not a disputed issue at the trial. There were two defendants involved

and either could have been criminally responsible for the conduct of the other. Both defendants denied any part in the killing which was accomplished by a gunshot without eye witnesses.

The jury charge in this case is harmless error at most.

Therefore the petition is dismissed . . . .

It is from this order that the Petitioner now appeals.

## II. Analysis

In order to obtain post-conviction relief, a petitioner must show that his or her conviction or sentence is void or voidable because of the abridgment of a constitutional right. Tenn. Code Ann. § 40-30-103 (2003). The petitioner bears the burden of proving factual allegations in the petition for post-conviction relief by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f). A post-conviction court's factual findings are subject to a de novo review by this Court; however, we must accord these factual findings a presumption of correctness, which is overcome only when a preponderance of the evidence is contrary to the post-conviction court's factual findings. Fields v. State, 40 S.W.3d 450, 456 (Tenn. 2001). A post-conviction court's conclusions of law are subject to a purely de novo review by this Court, with no presumption of correctness. Id. at 457.

In Burnett v. State, 92 S.W.3d 403 (Tenn. 2002), the Tennessee Supreme Court stated:

[T]he Post-Conviction Procedure Act clearly affords the trial court the authority to dismiss a petition without holding an evidentiary hearing, notwithstanding the fact that the petition may have survived earlier dismissal. See Swanson v. State, 749 S.W.2d 731, 736 (Tenn.1988) (holding that when a colorable claim for relief has been presented, a hearing may not be necessary after the petitioner has had the assistance of counsel to amend the petition, by which the court may then fully evaluate the merits of the claim); see also Gable v. State, 836 S.W.2d 558, 560 (Tenn.1992) (holding that the trial court did not err in dismissing the petition without an evidentiary hearing where the petitioner was given both the aid of counsel and a reasonable opportunity to amend the petition and no amendment was filed). Therefore, once a petitioner is afforded the benefit of counsel, the trial court may evaluate the claim and determine whether the petitioner is entitled to relief without holding an evidentiary hearing.

Tennessee Code Annotated section 40-30-102(a) (2003) promulgates the statute of limitations for a petition for post-conviction relief:

[A] person in custody under a sentence of a court of this state must petition for post-conviction relief under this part within one (1) year of the date of the final action

of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of such petition shall be barred. The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity. Time is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file such an action and is a condition upon its exercise. Except as specifically provided in subsections (b) and (c), the right to file a petition for post-conviction relief or a motion to reopen under this chapter shall be extinguished upon the expiration of the limitations period.

In his petition, the Petitioner asserts the following:

Rule 11 Applications for Permission to Appeal are presumed to have been filed, and denied. However, [the Petitioner] has received no written notification. In fact, he alleges that he received his first copy of the Court of Criminal Appeals' opinion on Sunday, September 5, 2004, during a scheduled visit with post-conviction counsel.

The Petitioner, at least impliedly, is averring that he had no knowledge the one-year statute of limitations began on October 22, 2001, which is the "date of the final action of the highest state appellate court to which an appeal is taken." Tenn. Code Ann. § 40-30-102(a).

In the case under submission, the record clearly indicates that the statute of limitations expired well before the Petitioner filed his petition for post-conviction relief. The Petitioner was convicted on September 22, 1999. This Court affirmed on March 20, 2001, and the Tennessee Supreme Court denied permission to appeal on October 22, 2001. Thus, the statute of limitations expired on October 22, 2002, one year after the final disposition in the Petitioner's case. The Petitioner did not file his petition for post-conviction relief until October 5, 2004, almost three years after the date of the final action of the highest state appellate court to which an appeal was taken.

The Post-Conviction Procedures Act permits the extension of the one-year statute of limitations period for: (1) claims based on a final appellate court ruling establishing a constitutional right not recognized at the time of trial, but given retroactive effect by the appellate court; (2) claims based upon new scientific evidence establishing that the petitioner is actually innocent; and (3) claims seeking relief from an enhanced sentence that was based upon convictions later determined to be invalid. Tenn. Code Ann. § 40-30-102(b). Additionally, due process requires, in certain circumstances, that the statute of limitations be tolled. See Williams v. State, 44 S.W.3d 464 (Tenn. 2001); Seals v. State, 23 S.W.3d 272 (Tenn. 2000); Burford v. State, 845 S.W.2d 204 (Tenn. 1992). The Tennessee Supreme Court has recognized that "in certain circumstances, due process prohibits the strict application of the post-conviction statute of limitations to bar a petitioner's claim when the grounds for relief, whether legal or factual, arise . . . after the point at which the limitations period would normally have begun to run." Sands v. State, 903 S.W.2d 297, 301 (Tenn. 1995); see Burford, 845 S.W.2d at 208. Therefore, the Supreme Court developed a three-part test to determine whether

strict application of the post-conviction statute of limitations violates a petitioner's due process rights: To make such a determination, a court must:

> (1) determine when the limitations period would normally have begun to run; (2) determine whether the grounds for relief actually arose after the limitations period would normally have commenced; and (3) if the grounds are 'later-arising,' determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim.

Sands, 903 S.W.2d at 301. In Williams, the petitioner filed his post-conviction petition nine months after the statute of limitations had expired, alleging that no notification was given by his appointed counsel with regard to the status of his direct appeal, counsel's intent to withdraw, and counsel's untimely application for permission to appeal to the Supreme Court. Williams, 44 S.W.3d at 466. The Tennessee Supreme Court stated that "[i]f a defendant erroneously believes that counsel is continuing to represent him or her, then the defendant is essentially precluded from pursuing certain remedies independently." Id. at 469. After reviewing the record, the Williams court noted that the petitioner "might have been denied the opportunity to challenge his conviction in a timely manner through no fault of his own but because of the possible misrepresentation of his counsel." Id. at 468. Our Supreme Court determined that if such misrepresentation existed, then due process required the tolling of the statute of limitations. Id. at 471.

Unlike the circumstances in Williams, the Petitioner, in his brief on appeal to this Court, asserts that he is not claiming any "willful misrepresentation" on the part of his trial or appellate counsel. The Petitioner merely argues that his counsel "did not provide him with the opinions of either this [C]ourt, or the Tennessee Supreme Court," and, thus, he was unaware of the final disposition of his direct appeal. The Williams decision is not intended to require a hearing on due process concerns every time a petitioner alleges that the untimeliness of his petition is due to his trial or appellate counsel's negligence. Indeed, "[s]uch a rule is clearly inconsistent with the plain language of the post-conviction statute requiring a trial judge to summarily dismiss an untimely petition without . . . a hearing." Id. at 476 (Drowta, J., dissenting). To clarify the holding in Williams, the majority specifically stated:

> [W]e are not holding that a petitioner may be excused from filing an untimely post-conviction petition as a result of counsel's negligence. Instead, the focus here is only upon trial and appellate counsel's alleged misrepresentation in failing to . . . notify the petitioner that no application for permission to appeal would be filed in [the Tennessee Supreme] Court.

Id. at 468 n.7. Thus, Williams is distinguishable from the case at bar because the Williams holding was based on counsel's failure to inform the petitioner that counsel had decided to abandon the direct appeal. Whereas, here, the appellate process was complete, and counsel, allegedly, failed to inform the Petitioner of the outcome of his Rule 11 application for permission to appeal. See Tenn. R. App. P. 11. Consequently, if the facts as alleged in the Petitioner's petition are taken as true, the Petitioner

is not entitled to relief, because the petition alleges negligence on the part of his counsel, not misrepresentation.

The Petitioner further contends that the trial court should not have summarily dismissed his petition because the untimeliness of his petition is excused under Tenn. Code Ann. § 40-30-102(b)(1). Specifically, the Petitioner asserts that, while his direct appeal was pending, this court decided State v. Page, 81 S.W.3d 781 (Tenn. Crim. App. 2002), which held that a conviction for second degree murder involving a "knowing" mens rea, must be based on a result-of-conduct definition of "knowing." It is the Petitioner's assertion that Page announced a new constitutional rule to be applied retroactively.

In its order summarily dismissing the petition, the post-conviction court specifically addressed the Petitioner's Page argument, and it determined that any error in its instruction to the jury on the mens rea of "knowing" was harmless. In doing so, the post-conviction court determined that the Petitioner's case could be factually distinguished from Page, and it determined that the trial court had given both the incorrect and correct jury instruction on the "knowing" mens rea.

The failure to challenge the incorrect jury instructions of "knowing" on direct appeal constitutes waiver of the right to raise this issue in post-conviction proceedings. See Corwyn E. Winfield v. State, No. W2003-00889-CCA-R3-PC, 2003 WL 22922272 at *5, 9-10 (Tenn. Crim. App., at Knoxville, Dec. 10, 2003), *perm. app. denied*, (Tenn. May 10, 2004). Further, that "[t]he decision in Page was released while [the case at issue] was pending" has no bearing. State v. Faulkner, 154 S.W.3d 48, 58 (Tenn. 2005) (determining that the defendant had waived his right to raise on direct appeal the issue regarding an incorrect "knowing" jury instruction by failing to raise it in any of his three motions for new trial). "The timing of the decision in Page does not relieve [the Petitioner] of the requirement of raising the issue [at an earlier stage in his case]." Id. Further, even if Page created a new constitutional right requiring retroactive application, the petitioner failed to file his petition within one year of the April, 16, 2002 Page decision. Finally, the Petitioner is not entitled to plain error review of this issue because "the plain error doctrine has no application in post-conviction relief proceedings." Winfield, 2003 WL 22922272, at *5. We conclude, therefore, that the Petitioner is not entitled to relief.

### III. Conclusion

In accordance with the foregoing reasoning and authorities, we affirm the post-conviction court's dismissal of the Petitioner's petition for post-conviction relief.

_____
ROBERT W. WEDEMEYER, JUDGE