IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 18, 2012

**WALTER RAY CARTER v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Hamilton County**
**Nos. 209884, 245831, 251080 & 253883     Rebecca J. Stern, Judge**

_____

**No. E2011-01757-CCA-R3-PC - Filed December 19, 2012**

_____

The petitioner, Walter Ray Carter, pro se, appeals the trial court's summary dismissal of his pleadings entitled "Motion of Ineffective Assistance of Counsel" and "Motion to Dismiss Indictment and/or Arrest Judgment" filed on July 18, 2011 in four separate cases. The motions sought relief from certain drug-related convictions entered in 1996 and in 2005. Following our review of the record, we conclude that the trial court was within its discretion to construe the pleadings as petitions for post-conviction relief which are now time barred pursuant to the statute of limitations. The summary dismissal is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which ROBERT W. WEDEMEYER and D. KELLY THOMAS, JR., JJ., joined.

Walter Ray Carter, Terre Haute, Indiana, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; William H. Cox, III, District Attorney General; for the appellee, State of Tennessee.

**OPINION**

**Procedural History**

On November 21, 1996, the petitioner entered a guilty plea in Hamilton County Criminal Court (Case Number 209884) to the offense of attempt to possess cocaine for resale. On May 5, 2005, judgments were entered in Hamilton County Criminal Court for the petitioner's guilty pleas to possession of marijuana for resale (Case Number 253883),

possession of cocaine for resale (Case Number 245831) and possession of cocaine for resale (Case Number 251080).

On July 18, 2011, the petitioner filed a pleading entitled "Motion to Dismiss Indictment and/or Arrest Judgment" in the 1996 conviction. On the same date, he filed pleadings entitled "Motion of Ineffective Assistance of Counsel" and "Motion to Dismiss Indictment and/or Arrest" in each of the three 2005 cases. On July 29, 2011, the trial court stated in open court during the docket call that "[t]here's really no such things as pro se motions for ineffective assistance of counsel" and overruled the motions. The court entered an order bearing the same date in which it specifically referenced each case number and coinciding conviction and indicated that both types of motions were overruled. On August 8, 2011, the petitioner timely filed a "Motion to Appeal."

**Analysis**

On appeal, the petitioner claims the trial court erred when it overruled his motions without the appointment of counsel and without the benefit of an evidentiary hearing. We initially note that the pleadings were only loosely presented in the form of a request for post-conviction relief. As noted above, one pleading was entitled "Motion of Ineffective Assistance of Counsel," and the other pleading was entitled "Motion to Dismiss Indictment and/or Arrest Judgment." Though the pleadings were inartfully drafted, our courts have long recognized that pro se petitioners are not held to the same stringent drafting standards of attorneys and the resulting pleadings are to be more liberally construed. *Gable v. State*, 836 S.W.2d 558, 559-60 (Tenn. 1992) (citing *Swanson v. State*, 749 S.W.2d 731, 734 (Tenn. 1988)). Accordingly, the trial court was within its discretion to treat the pleadings as de facto petitions for post-conviction relief.

Although given leniency, as to the substantive issues broadly gleaned from the pleadings, the petitioner is confronted with a timeliness issue. Under Tennessee Code Annotated section 40-30-102(a), a post-conviction petition must be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment becomes final, or consideration of the petition shall be barred." The statute provides that the limitations period "shall not be tolled for any reason, including tolling or saving provision otherwise available at law or equity." *Id.* Failure to file within the limitations period removes the case from the court's jurisdiction.

The limitations period has three statutory exceptions for certain claims involving new constitutional rights, certain claims involving new scientific evidence, and for sentences enhanced by subsequently overturned convictions. T.C.A. § 40-30-102(b) (formerly T.C.A.

§ 40-30-202(b) (1997)). None of those exceptions are raised by the petitioner, and none were found by this court in its review of the record.

In addition to the statutory exceptions, our courts have recognized that due process requires that the statute of limitations be tolled in certain factual situations. *Williams v. State*, 44 S.W.3d 464, 468 (Tenn. 2001). "'[A] reasonable opportunity to have the claimed issue heard and determined'" is inherent in due process. *Sands v. State*, 903 S.W.2d 297, 300 (Tenn. 1995) (quoting *Burford v. State*, 845 S.W.2d 204, 208 (Tenn. 1992)). Consequently, the statutory language cited above notwithstanding, due process may require tolling when circumstances beyond the petitioner's control preclude raising the post-conviction claims timely. *Williams*, 44 S.W.3d at 469. For example, due process may toll the statute of limitations when the petitioner is caught in a procedural trap, *Burford*, 945 S.W.2d at 208 (concluding due process tolled the limitations period when a petitioner's sentence was enhanced by a prior conviction which had been overturned); when the petitioner is the victim of his counsel's misrepresentation, *Williams*, 44 S.W.3d at 471 (remanding for a determination of misconduct); and when mental incompetence prevents timely filing, *Seals v. State*, 23 S.W.3d 272, 279 (Tenn. 2000).

In evaluating whether the statute of limitations should be tolled in the post-conviction setting based on due process concerns we utilize the *Sands* three-step process:

> (1) determine when the limitations period would normally have begun to run; (2) determine whether the grounds for relief actually arose after the limitations period would normally have commenced; and (3) if the grounds are "later-arising," determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim.

*Sands*, 903 S.W.2d at 301. Determining whether due process requires an opportunity to present a claim involves considering:

> (1) the private interest at stake; (2) the risk of erroneous deprivation of the interest though the procedures used and the probable value, if any, of additional or substitute safeguards; and finally, (3) the government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Seals*, 23 S.W.3d at 277.

In the instant case, the pro se pleadings challenge judgments entered in 1996 and 2005. The one-year post-conviction statute of limitations on those matters has long expired. Reviewing the record against the backdrop of the *Sands* and *Seals* due process analyses, the Court finds no later-arising ground to trigger due process concerns. The petitioner's primary ground for relief is that his retained counsel sent another attorney from the office to represent the petitioner in court. He claims this attorney presented him with the district attorney's offer and pressured him into "signing a deal [he] did not understand." He further claims this attorney gave him "erroneous advice" to induce his acceptance of a plea agreement. Petitioner's filings include no specific facts in support of these claims. Even giving the pleadings the broadest interpretation possible, we must conclude that no claim now exists that could not have been raised during the one-year limitations period.

**CONCLUSION**

Based upon the foregoing, the judgment of the post-conviction court is affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE