IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 26, 2014

## RANDALL TURNER v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Hamilton County**
**No. 288262      Don W. Poole, Judge**

---

**No. E2013-01565-CCA-R3-PC - Filed April 7, 2014**

---

Petitioner, Randall Turner, pleaded guilty to first degree murder, aggravated kidnapping, and two counts of aggravated robbery, for which he received agreed-upon sentences of life imprisonment without the possibility of parole and thirty years. The *pro se* petitioner filed the instant petition for post-conviction relief, in which he requested DNA analysis of his "clothing, pants, shoes and socks" as well as a witness's "pajamas." The post-conviction court summarily dismissed the petition, and this appeal follows. On appeal, petitioner argues that the post-conviction court should have: (1) recused itself from considering his case; (2) appointed counsel to represent petitioner; and (3) granted his petition for DNA testing. After our review of the parties' briefs, the scant record before this court, and the applicable law, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROGER A. PAGE, J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and JEFFREY S. BIVINS, JJ., joined.

Randall Turner, Pikeville, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Senior Counsel; and William H. Cox, III, District Attorney General, for the appellee, State of Tennessee.

## OPINION

As an initial matter, we note that petitioner has presented a meager record on appeal. The appellate record in this case contains only ten pages, which consists of petitioner's petition for post-conviction relief, the trial court's order dismissing the petition, and petitioner's notice of appeal. The record contains no summary of the underlying facts supporting petitioner's convictions, and petitioner failed to include a summary of the facts

in his appellate brief. However, our supreme court has stated "that a pro se petition under the Act is 'held to less stringent standards than formal pleadings drafted by lawyers, and the test is whether it appears beyond doubt that the [petitioner] can prove no set of facts in support of his claim which would entitle him to relief.'" *Swanson v. State*, 749 S.W.2d 731, 734 (Tenn. 1988) (quoting *Baxter v. Rose*, 523 S.W.2d 930, 939 (Tenn. 1975)) (alteration in original). Therefore, although the record is substandard, we will address petitioner's arguments to the fullest extent possible.

On appeal, petitioner argues that the post-conviction court should have recused itself from considering his case, appointed counsel to represent him, and granted his petition for DNA testing. The State responds that the post-conviction court properly denied the petition for post-conviction relief. We agree with the State.

I. Recusal

Petitioner appears to argue that the post-conviction court should have recused itself because the judge's "son participated in the prosecution of this case at the DNA hearing to reconsider." Although petitioner did not raise this issue in the post-conviction court, he asks this court to address the issue on appeal.

Tennessee Supreme Court Rule 10B became effective on July 1, 2012. Tenn. Sup. Ct. R. 10B, compiler's note. The instant petition was filed on May 29, 2013; therefore, it is governed by Rule 10B. Rule 10B states, "Any party seeking disqualification, recusal, or a determination of constitutional or statutory incompetence of a judge of a court of record, or a judge acting as a court of record, shall do so by a timely filed written motion." Tenn. Sup. Ct. R. 10B, § 1.01. In addition, the explanatory comments of Rule 10B state:

> Although the Rule does not state a specific period of time within which the motion must be filed, a motion under this Rule should be made promptly upon the moving party becoming aware of the alleged ground or grounds for such a motion. The requirement that the motion be timely filed is therefore intended to prevent a party with knowledge of facts supporting a recusal motion from delaying filing the motion to the prejudice of the other parties and the case. Depending on the circumstances, delay in bringing such a motion may constitute a waiver of the right to object to a judge presiding over a matter. Further, the delay in bringing a motion or the timing of its filing may also suggest an improper purpose for the motion.

Therefore, because petitioner failed to file a timely written motion in the post-conviction court, petitioner has waived consideration of this issue.

## II. Post-Conviction Counsel

Petitioner also seems to argue that the post-conviction court erred by failing to appoint counsel to represent petitioner at the instant post-conviction hearing. The Fourteenth Amendment guarantees an indigent criminal defendant the right to appointed counsel during trial and throughout his first appeal. *Douglas v. California*, 372 U.S. 353, 83 S.Ct. 814 (1963); *House v. State*, 911 S.W.2d 705, 712 (Tenn. 1995). However, neither the federal due process clause nor the equal protection clause require the state to provide an attorney during post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 554-55 (1987); *House*, 911 S.W.2d at 712. Nonetheless, both the Post-Conviction Procedure Act and the Post-Conviction DNA Analysis Act of 2001 provide for the appointment of counsel in certain circumstances. *See* Tenn. Code Ann. § 40-30-107, -307. As applicable here, the Post Conviction DNA Analysis Act of 2001 provides for the discretionary, not mandatory, appointment of counsel. Tenn. Code Ann. § 40-30-307 ("The court may, at any time during proceedings instituted under this part, appoint counsel for an indigent petitioner."). Therefore, the court was not required to appoint counsel and, thus, did not err in that regard.

## III. DNA Testing

Appellant argues that the post-conviction court should have granted his petition for DNA testing of his "clothing, pants, shoes and socks" as well as Carlene Melton's "pajamas."[1] The Post-Conviction DNA Analysis Act of 2001 allows:

> [A] person convicted of and sentenced for the commission of first degree murder . . . [to] file a petition requesting the forensic DNA analysis of any evidence that is in the possession or control of the prosecution, law enforcement, laboratory, or court, and that is related to the investigation or prosecution that resulted in the judgment of conviction and that may contain biological evidence.

Tenn. Code Ann. § 40-30-303. In order to obtain DNA testing under the Act, a petitioner must satisfy the standards set forth in either Section 304 or 305 of the Act. Section 304 mandates testing in cases were the post-conviction court finds that:

> (1) A reasonable probability exists that the petitioner would not have been prosecuted or convicted if exculpatory results had been obtained through DNA analysis;

---

[1] From petitioner's post-conviction petition, it seems that Carlene Melton was the victim's mentally disabled daughter.

(2) The evidence is still in existence and in such a condition that DNA analysis may be conducted;

(3) The evidence was never previously subjected to DNA analysis or was not subjected to the analysis that is now requested which could resolve an issue not resolved by previous analysis; and

(4) The application for analysis is made for the purpose of demonstrating innocence and not to unreasonably delay the execution of sentence or administration of justice.

Tenn. Code Ann. § 40-30-304. Section 305 provides that the court *may* order DNA analysis if it finds that:

(1) A reasonable probability exists that analysis of the evidence will produce DNA results that would have rendered the petitioner's verdict or sentence more favorable if the results had been available at the proceeding leading to the judgment of conviction;

(2) The evidence is still in existence and in such a condition that DNA analysis may be conducted;

(3) The evidence was never previously subjected to DNA analysis, or was not subjected to the analysis that is now requested which could resolve an issue not resolved by previous analysis; and

(4) The application for analysis is made for the purpose of demonstrating innocence and not to unreasonably delay the execution of sentence or administration of justice.

Tenn. Code Ann. § 40-30-305. "[A] reasonable probability of a different result exists when the evidence at issue, in this case potentially favorable DNA results, undermines confidence in the outcome of the prosecution." *Harold James Greenleaf, Jr. v. State*, No. M2009-01975-CCA-R3-CD, 2010 WL 2244099, at *4 (Tenn. Crim. App. Apr. 21, 2010) (citations and internal quotation marks omitted). "Under either the mandatory or discretionary provision, all four elements must be met before DNA analysis will be ordered by the court." *Powers v. State*, 343 S.W.3d 36, 48 (Tenn. 2011) (citations omitted).

"The post-conviction court is afforded considerable discretion in determining whether to grant a petitioner relief under the [Post-Conviction DNA Analysis Act of 2001], and the scope of appellate review is limited." *Sedley Alley v. State*, No. W2004-01204-CCA-R3-PD, 2004 WL 1196095, at *3 (Tenn. Crim. App. May 26, 2004) (citation omitted). In ruling on petitioner's request for DNA analysis, the post-conviction court must consider all "available evidence, including the evidence presented at trial and any stipulations of fact made by either party." *Id*. For the purpose of conducting its analysis of a petitioner's claim, a post-conviction court must presume that DNA analysis would produce favorable results to the petitioner. *Powers*, 343 S.W.3d at 55 n.28; *see* Tenn. Code Ann. § 40-30-305(1). The post-conviction court may also consider appellate court opinions from petitioner's direct appeal or his appeals of prior post-conviction or habeas corpus actions. *Sedley Alley*, 2004 WL 1196095, at *3 (citation omitted). This court will not reverse the post-conviction court's judgment regarding DNA unless it is unsupported by substantial evidence. *Id*. (citing *Willie Tom Ensley v. State*, No. M2002-01609-CCA-R3-PC, 2003 WL 1868647, at *4 (Tenn. Crim. App. Apr. 11, 2003)).

Petitioner asserts that due to the "extensive blood splatters" at the crime scene, if he and Carlene Melton were present during the murder, the victim's blood would be present on their clothing. However, according to petitioner, defense counsel visually examined petitioner's clothing and saw no visible blood stains. In summarily dismissing the petition, the post-conviction court stated:

[I]t seems to the Court that no DNA analysis could be more favorable to the petitioner than the lack of visible blood on all or part of the evidence in issue and the lack of DNA analysis of the evidence in issue connecting him to the crime scene. From the lack of visible blood on his pants, socks, and shoes or Ms. Melton's pajamas, the petitioner could have argued that he or Ms. Melton were not in the room when the victim was attacked.

Petitioner fails to state whether he requests mandatory or discretionary post-conviction DNA analysis. Tenn. Code Ann. §§ 40-30-304, -305. In his brief, petitioner simply argues that he should "be allowed DNA testing." Therefore, we will address both Section 304 and 305 of the Act. Under Section 304, petitioner had to show that "[a] reasonable probability exists that the petitioner would not have been prosecuted or convicted if exculpatory results had been obtained through DNA analysis." Tenn. Code Ann. § 40-30-304(1). Under Section 305, petitioner had to show that "[a] reasonable probability exists that analysis of the evidence will produce DNA results that would have rendered the petitioner's verdict or sentence more favorable if the results had been available at the proceeding leading to the judgment of conviction." Tenn. Code Ann. § 40-30-305(1).

First, a visual inspection of the relevant clothing showed no blood stains on the items. As the post-conviction court noted, "[N]o DNA analysis could be more favorable to the petitioner than the lack of visible blood on all or part of the evidence in issue and the lack of DNA analysis of the evidence in issue connecting him to the crime scene." Therefore, petitioner has failed to show that "a reasonable probability exists" that he would not have been prosecuted or that he would have received a more favorable verdict or sentence if he had obtained favorable results. Even if favorable results were found, petitioner entered a guilty plea. "This court has been reluctant to overturn a post-conviction court's decision denying DNA analysis when petitioner entered a voluntary guilty plea in the trial court." *Thomas Edward Kotewa v. State*, No. E2011-02527-CCA-R3-PC, 2012 WL 5309563, at *5 (Tenn. Crim. App. Oct. 26, 2012).

Furthermore, petitioner has failed to show that the evidence to which he refers is "still in existence and in such a condition that DNA analysis may be conducted." Tenn. Code Ann. §§ 40-30-304, -305. Accordingly, we conclude that the post-conviction court did not abuse its discretion in finding that petitioner had not established the qualifying criteria for DNA testing.

## CONCLUSION

Based on the parties' briefs, the record, and the applicable law, we affirm the judgment of the post-conviction court.

_____
ROGER A. PAGE, JUDGE