IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 12, 2019

## SARA ELIZABETH ARNOLD v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Rutherford County**
**No. F-77299      Royce Taylor, Judge**

_____

### No. M2018-00809-CCA-R3-PC

_____

In 2017, the Petitioner, Sara Elizabeth Arnold, pleaded guilty to aggravated assault in exchange for an agreed eight-year sentence and the dismissal of an attempted first degree murder charge she also faced. The Petitioner filed a petition for post-conviction relief, alleging that her guilty plea was not knowingly and voluntarily entered because she was mentally incompetent and her trial counsel was ineffective for failing to have her mental condition evaluated. The post-conviction court denied the petition, finding that she had undergone two mental evaluations that concluded she was competent prior to entering her plea. On appeal, the Petitioner contends that the mental evaluations conducted on her were not proper assessments of her mental state and asks this court to obtain a copy of her institutional record. After review, we reverse the post-conviction court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the Court, in which THOMAS T. WOODALL, J., joined. TIMOTHY L. EASTER, J., concurred in the results only.

Sara E. Arnold, Henning, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Benjamin A. Ball, Senior Assistant Attorney General; Jennings H. Jones, District Attorney General; and Allyson S. Abbott, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION
### I. Facts

In April 2017, the Petitioner was indicted for the attempted first degree murder and aggravated assault of her roommate with a knife. On September 22, 2017, the Petitioner waived her right to a trial and pleaded guilty to aggravated assault in exchange for an eight-year sentence to be served in confinement as a Range I offender, with a 30%

release eligibility date. The State also agreed to dismiss the attempted first degree murder charge.

On March 1, 2018, the Petitioner filed a *pro se* petition for post-conviction relief, alleging that she was, at the time of her guilty plea, mentally incompetent. She alleged in her petition that the mental evaluation that was conducted upon her was not a proper assessment of her mental state. She also asserted that she has a history of hearing voices, suicidal and homicidal thoughts, and she did not have the ability to know right from wrong. She asserted that she did not have the ability to enter into a contract, much less a plea agreement. She further contended that her counsel was ineffective because he "did not attempt to have [her] evaluated as to her state of mind." She asserted she had been previously in an intermediate care mental health housing facility designed to serve the needs of women who may be unable to live and function effectively in the general population of the prison. Finally, she asserted that, due to her documented mental issues, she should not have been allowed to enter any type of plea agreement.

The trial court summarily dismissed the Petitioner's petition. It found:

### I. Petitioner's Competence to Enter Guilty Plea

The [P]etitioner's first claim is she did not knowingly, intelligently, and voluntarily enter into to the negotiated plea agreement in Case F-77299 on September 22, 2017. The [P]etitioner claims that she was mentally incompetent, and therefore lacked the requisite mental capacity to enter into a plea agreement.

The [P]etitioner received two competency evaluations in 2017. The first evaluation was conducted on January 26, 2017. During this evaluation, the Tennessee Department of Mental Health and Substance Abuse Services found the [P]etitioner: (1) was capable of adequately assisting her attorney in a court of law, (2) that she understood the nature of the pending legal matter against her and the consequences which may follow, and (3) that she was able to advise counsel and participate in her own defense. Further, it was found that "she was able to appreciate the nature and wrongfulness of her conduct." (See Exhibit 1).

The second competency evaluation was conducted on August 7, 2017, by Volunteer Behavioral Health. Likewise, in this evaluation, the [P]etitioner was found to have: (1) sufficient present ability to consult with her lawyer with a reasonable degree of rational understanding, (2) a rational, as well as, factual understanding of the proceedings against her,

and (3) an understanding of the legal process, pending charges, and the consequences that can follow. Further, it was once again found that the [P]etitioner could advise counsel and participate in her own defense. (See Exhibit 2).

The [P]etitioner received two separate competency evaluations. Both evaluations found the [P]etitioner to be mentally competent and able to assist in her own defense and stand trial. Therefore, the court finds that the [P]etitioner knowingly, intelligently, and voluntarily entered into the plea agreement in F-77299.

## II. Effective Assistance of Counsel

The [P]etitioner's second claim is that she was not afforded effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution and Article I, Section 9 of the Tennessee Constitution. The [P]etitioner was represented by [counsel] from the public defender's office. The [P]etitioner claims that "the defense counsel did not attempt to have her evaluated as to her state of mind", which violated her right to effective assistance of counsel. The court finds that [the] Petitioner has failed to show that [counsel] was deficient in his legal representation and that she was prejudiced by any alleged deficiencies.

. . . .

After examination of the petition for post-conviction relief filed in this case, together with the files, records, and correspondence relating to the judgment under attack, this Court finds that the [P]etitioner knowingly, intelligently, and voluntarily entered a guilty plea in F-77299. Further, the court finds that the [P]etitioner's Sixth Amendment right to effective assistance of counsel was not violated.

It is from this judgment that the Petitioner now appeals.

## II. Analysis

On appeal, the Petitioner maintains that her guilty plea was not knowingly and voluntarily entered due to her mental impairments. She asserts that the mental evaluations conducted were not proper assessments of her mental state, adding that she has attempted suicide twelve times and heard voices. She requests that this court obtain a copy of her entire institutional record. In her petition, the Petitioner alleged that Counsel

pressured her to enter her guilty plea and that, due to her confusion and her mental state on the day she entered her guilty plea, her plea was not knowingly and voluntarily entered.

The State counters that the Petitioner's claims are premised on a challenge to the pretrial competency determination and that this issue is previously determined or waived. Further, it notes that the Petitioner has failed to support her claims with specific allegations of fact, so the post-conviction court properly dismissed the petition.

In order to obtain post-conviction relief, a petitioner must show that his or her conviction or sentence is void or voidable because of the abridgment of a constitutional right. T.C.A. § 40-30-103 (2014). The petitioner bears the burden of proving factual allegations in the petition for post-conviction relief by clear and convincing evidence. T.C.A. § 40-30-110(f) (2014). Upon review, this Court will not re-weigh or re-evaluate the evidence; all questions concerning the credibility of witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are to be resolved by the trial judge, not the appellate courts. *Momon v. State*, 18 S.W.3d 152, 156 (Tenn. 1999) (citing *Henley v. State*, 960 S.W.2d 572, 578-79 (Tenn. 1997)). A post-conviction court's factual findings are subject to a de novo review by this Court; however, we must accord these factual findings a presumption of correctness, which can be overcome only when a preponderance of the evidence is contrary to the post-conviction court's factual findings. *Fields v. State*, 40 S.W.3d 450, 456-57 (Tenn. 2001). A post-conviction court's conclusions of law are subject to a purely de novo review by this Court, with no presumption of correctness. *Id*. at 457.

Tennessee Code Annotated section 40-30-106(d) states:

The petition must contain a clear and specific statement of all grounds upon which relief is sought, including full disclosure of the factual basis of those grounds. A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings. Failure to state a factual basis for the grounds alleged shall result in immediate dismissal of the petition. If, however, the petition was filed pro se, the judge may enter an order stating that the petitioner must file an amended petition that complies with this section within fifteen (15) days or the petition will be dismissed.

Tennessee Supreme Court Rule 28, section 5(E)(4) provides that the post-conviction petition must contain "specific facts supporting each claim for relief asserted by [the] petitioner[.]" Petitions that do not have specific factual allegations are subject to summary dismissal. Tenn. Sup. Ct. R. 28, § 5(F)(3). Tennessee Supreme Court Rule 28,

section 6(B)(2) requires that "[w]ithin thirty (30) days after a petition or amended petition is filed, [the post-conviction court] shall review the petition and all documents related to the judgment and determine whether the petition states a colorable claim." Tenn. Sup. Ct. R. 28, § 6(B)(2). Tennessee Supreme Court Rule 28, section 2(H) defines a "colorable claim" as "a claim, in a petition for post-conviction relief, that, if taken as true, and in the light most favorable to the petitioner, would entitle the petitioner to relief under the Post-Conviction Procedure Act." Tenn. Sup. Ct. R. 28, § 2(H).

We review a post-conviction court's summary dismissal of a petition for post-conviction relief *de novo*. *See Arnold v. State*, 143 S.W.3d 784, 786 (Tenn. 2004). When determining whether a colorable claim has been presented, pro se petitions are held to a less rigid standard than formal pleadings drafted by attorneys. *Allen v. State*, 854 S.W.2d 873, 875 (Tenn. 1993). "If the availability of relief cannot be conclusively determined from a *pro se* petition and the accompanying records, the petitioner must be given the aid of counsel." *Swanson v. State*, 749 S.W.2d 731, 734 (Tenn. 1988) (citing T.C.A. §§ 40-30-104, -107, -115).

In this case, Petitioner claimed in her petition that Counsel pressured and coerced her into taking a plea bargain despite her contention that she was not guilty of any crime. She contended that she was mentally incompetent at the time she entered her plea and that the competency evaluation was not a proper assessment of her mental state at the time that she entered her plea. She said that she has a history of hearing voices, suicidal and homicidal thoughts, and the inability to know right from wrong. Due to her mental state and Counsel's pressure, the Petitioner entered her plea, which she now states was not entered knowingly or voluntarily.

Taking these two claims as true, and in the light most favorable to Petitioner, we determine that the petition stated a colorable claim. *Derrick Helms v. State*, No. E2017-02421-CCA-R3-PC, 2018 WL 4692462, at *1-2 (Tenn. Crim. App, at Knoxville, Sept. 28, 2018). In so doing, we note that we are making no judgment regarding the merit of the Petitioner's claims, but we are bound by the law mandating that a petition stating a colorable claim cannot be summarily dismissed.

### III. Conclusion

After reviewing the facts and applicable case law and statutes, we reverse the summary dismissal of the petition and remand the case for entry of a preliminary order pursuant to Tennessee Code Annotated section 40-30-107(b). Further, because the post-conviction judge has made extensive findings of fact and conclusions of law as part of its summary dismissal of the petition, we order that further proceedings pertaining to the

petition be assigned to a different judge for consideration of the petition for post-conviction relief.

_____
ROBERT W. WEDEMEYER, JUDGE