# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

### STATE OF TENNESSEE v. JAMES SELLARS

**Circuit Court for Rutherford County**
No. F-68083     David Bragg, Judge

———————

**No. M2013-02380-CCA-R3-PC - Filed June 24, 2014**

———————

This matter is before the Court upon the State's motion to dismiss or in the alternative to affirm the judgment of the trial court by memorandum opinion pursuant to Rule 20, Rules of the Court of Criminal Appeals. Petitioner, James Sellars, has appealed the lower court's order dismissing his petition for post-conviction relief in which he alleged that the trial court improperly sentenced him as a career offender. Upon a review of the record in this case, we are persuaded that the trial court was correct in dismissing the petition for post-conviction relief and that this case meets the criteria for affirmance pursuant to Rule 20, Rules of the Court of Criminal Appeals. Accordingly, the State's motion is granted, and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JERRY L. SMITH, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ., joined.

James Sellars, Pro Se, Clifton, Tennessee.

Robert E. Cooper, Jr., Attorney General & Reporter; Caitlin Smith, Assistant Attorney General; William Whitesell, District Attorney General; Shawn Puckett, Assistant District Attorney General, for the Appellee, State of Tennessee.

## MEMORANDUM OPINION

According to the petition for post-conviction relief, Petitioner pled guilty to robbery, a Class C felony, on November 9, 2012, and received a sentence of nine years to be served at 60% as a Career Offender. Petitioner filed a timely petition for post-conviction relief on

October 1, 2013, in which he claimed that the trial court improperly sentenced him as a Career Offender in direct contravention of the Criminal Sentencing Reform Act of 1989. *See* T.C.A. § 40-35-101, et seq. As the post-conviction court noted, Petitioner's "previous one felony and twenty misdemeanor convictions do not qualify for career offender status under Tenn[essee] Code Ann[otated section] 40-35-108."[1] However, the post-conviction court found that Petitioner "agreed to the sentence" and thereby "waived any irregularity in offender classification," citing *Hicks v. State*, 945 S.W.2d 706 (Tenn. 1997). Petitioner appealed, asserting that his plea was involuntarily entered and that the post-conviction court erred in not holding his pro se petition to a less stringent standard than that applied to pleadings drafted by attorneys. The State filed a motion for this Court to affirm the decision of the post-conviction court pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.

Post-conviction relief is available "when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103. A post-conviction court may dismiss a petition without appointing counsel or holding an evidentiary hearing if it finds that the petition fails to state a colorable claim for relief. *See* T.C.A. § 40-30-106. A colorable claim is defined by Tennessee Supreme Court Rule 28, § 2(h) as "a claim, in a petition for post-conviction relief, that, if taken as true, in the light most favorable to petitioner, would entitle petitioner to relief under the Post-Conviction Procedure Act." While it is generally true that a petition filed pro se is "held to less stringent standards than formal pleadings drafted by lawyers," *Swanson v. State*, 749 S.W.2d 731, 734 (Tenn. 1988), the petitioner is still required to include sufficient facts to make out a colorable claim for relief. *See* T.C.A. § 40-30-106(f). The decision of a post-conviction court to summarily dismiss a petition for post-conviction relief is reviewed de novo as a question of law. *See Burnett v. State*, 92 S.W.3d 403, 406 (Tenn. 2002).

In his petition for post-conviction relief, Petitioner alleged that the trial court improperly sentenced him as a career offender when his prior record did not qualify for such a classification under Tennessee Code Annotated section 40-35-108. However, "a knowing and voluntary guilty plea waives any irregularity as to offender classification or release

[1]Petitioner did not include any part of the record from the trial court for our consideration, and therefore did not uphold his duty to prepare a complete and accurate record for appeal. *See State v. Ballard*, 855 S.W.2d 557, 560 (Tenn. 1993); *State v. Bunch*, 646 S.W.2d 158, 160 (Tenn. 1983). Therefore, we are bound by the findings of fact made by the post-conviction court. *See State v. Rolly William Whitford*, No. M2009-02525-CCA-R3-CD, 2011 WL 255310, at *3 (Tenn. Crim. App., at Nashville, Jan. 20, 2011) ("In the absence of a complete record, we must presume the findings of the trial court are correct.").

eligibility." *Hicks*, 945 S.W.2d at 709; *see also State v. Mahler*, 735 S.W.2d 226, 228 (Tenn. 1987). The determination of whether a plea bargained sentence is legal is controlled by the overall punishment range for the offense. *Hoover v. State*, 215 S.W.3d 776, 781 (Tenn. 2006). As the Tennessee Supreme Court explained in *Hoover*, "a plea-bargained sentence is legal so long as it does not exceed the maximum punishment authorized for the plea offense." *Id.*

In this case, Petitioner pled guilty to robbery, which is a Class C felony under Tennessee Code Annotated section 39-13-401(b). The punishment for a Class C felony is three to fifteen years. T.C.A. § 40-35-111(b)(3). Petitioner's sentence of nine years falls squarely within that range and is therefore legal under *Hoover* and *Hicks*. Additionally, our supreme court has held that any question as to offender classification is "not a constitutional error in and of itself and at most rendered the sentence subject to attack on direct review by appeal."[2] *Mahler*, 735 S.W.2d at 228. Therefore, the post-conviction court's decision to dismiss the petition for failing to assert a colorable claim was proper.

Petitioner relies on *McConnell v. State*, 12 S.W.3d 795 (Tenn. 2000), for the proposition that a trial court's authority to impose a sentence is limited to the provisions of the sentencing statute. *See id.* at 798 ("Sentencing is jurisdictional and must be executed in compliance with the 1989 Act"). However, the primary issue in that case was not that the defendant had been sentenced to an improper range, but that the sentence had been expressed in terms of the 1982 sentencing statute. *See Bland v. Dukes*, 97 S.W.3d 133, 135 (Tenn. Crim. App. 2002). In fact, the *McConnell* Court stated that its decision did not alter "the ability of the State and defendants to use offender classification and release eligibility as subjects of plea bargain negotiations," citing *Hicks* and *Mahler* with approval. 12 S.W.3d at 798; *see Hoover*, 215 S.W.3d at 780 ("*McConnell* did not repudiate the rule announced in *Mahler* and subsequently re-affirmed in *Hicks*."). Therefore, we agree with the post-conviction court that Petitioner's reliance on *McConnell* is misplaced.

On appeal, Petitioner asserts that *Hicks* does not apply because his plea was not voluntarily entered. However, his petition for post-conviction relief does not include any factual assertions that would indicate that the voluntariness of Petitioner's plea was being challenged. Under the Post-Conviction Procedure Act, "a ground for relief is waived if the petitioner personally. . . failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented." T.C.A § 40-30-106(g); *see also Walsh v. State*, 166 S.W.3d 641, 645 (Tenn. 2005) ("Issues not addressed

---

[2]Classification as a Career Offender is appealable by either party under Tennessee Code Annotated section 40-35-108(d). However, we do not know if Petitioner waived his right to a direct appeal as part of his plea agreement.

in the post-conviction court will generally not be addressed on appeal."). The issue of whether Petitioner's plea was voluntarily entered, being raised for the first time on appeal, is thereby waived.

*Conclusion*

Rule 20 of the Rules of the Court of Criminal Appeals provides, inter alia:

> The Court, with the concurrence of all judges participating in the case, when an opinion would have no precedential value, may affirm the judgment or action of the trial court by memorandum opinion rather than by formal opinion, when:
>
> The judgment is rendered or the action taken in a proceeding before the trial judge without a jury, and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. . . and
>
> No error of law requiring a reversal of the judgment or action is apparent on the record.

We determine that this case meets the criteria of the above-quoted rule and, therefore, we grant the State's motion filed under Rule 20. We affirm the judgment of the trial court.

_____
JERRY L. SMITH, JUDGE