**Charles Eugene LANE, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee, at Knoxville.

Dec. 7, 1993.

Permission to Appeal Denied by Supreme Court May 16, 1994.

Robert C. Edwards, Knoxville, for Appellant.

Charles W. Burson, Attorney General and Reporter, Christina Norris and Ellen H. Pollack, Counsel for the State Criminal Justice Division, Nashville, Alfred C. Schmutzer, Jr., District Attorney General, Charles I. Poole, Asst. Dist. Attorney General, Sevierville, for Appellee.

## OPINION

SUMMERS, Judge.

Appellant argues on appeal that his petition for post-conviction relief should not have been dismissed without an evidentiary hearing or the appointment of counsel. We affirm the judgment below.

Appellant was originally indicted for capital murder in the death of his wife and the aggravated sexual battery of his daughter. The state sought the death penalty. In a plea-bargain arrangement, appellant received consecutive sentences of life imprisonment for his wife's murder and thirty-five years for the aggravated sexual battery. He was represented by counsel at these proceedings.

After the imposition of the sentence, appellant filed a letter with the court requesting that his plea be withdrawn because he was not guilty of sexual battery. The court appointed new counsel, and an evidentiary hearing was held. At the hearing, appellant testified that he pled guilty to the sexual battery charge because the state sought the death penalty on the murder charge. He claimed that his previous counsel failed to properly communicate with him and in-

formed him that if he did not plead guilty, the trial judge would not approve the plea agreement offered by the state.

The trial court treated the letter as a request for a new trial or post-conviction relief. The court denied his request to withdraw the plea. Appellant appealed the trial court's decision to this Court, and we affirmed. *State v. Lane,* No. 111, 1990 WL 192701 (Tenn.Crim.App. December 5, 1990, at Knoxville). In writing the opinion for this Court, Judge Wade found as follows:

> Here, the defendant complains that he entered the plea of guilt to aggravated sexual battery only because he was faced with the death penalty on the murder charge. A guilty plea to escape harsher punishment does not, however, invalidate an otherwise knowing and voluntary guilty plea. *Clenny v. State,* 576 S.W.2d 12 (Tenn.Crim. App.1978); *Brady v. United States,* 397 U.S. 742, 90 S.Ct. 1463 [25 L.Ed.2d 747] (1970). In *Ray v. State,* 224 Tenn. 164, 451 S.W.2d 854 (Tenn.1970), the Supreme Court held that a negotiated plea of guilt to avoid the risk of the death penalty would not, in and of itself, render the plea involuntary.
>
> In our view, the submission hearing transcript establishes that the plea of guilt was knowingly and voluntarily made. There appears to have been full compliance with the admonitions required in *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709 [23 L.Ed.2d 274] (1969) and *State v. Mackey,* 553 S.W.2d 337 (Tenn.1977). The trial court's refusal to grant relief does not, in our opinion, create a manifest injustice within the meaning of the rule. We find no abuse of discretion.

*State v. Lane,* at *1.

Subsequent to this Court's decision, the Tennessee Supreme Court dismissed appellant's application for permission to appeal.

In 1991, appellant filed a petition for post-conviction relief. The trial judge denied the petition on the basis that the issue of ineffective assistance of counsel had already been reviewed and affirmed on appeal. Another issue concerning the trial court's failure to order a mental evaluation did not rise to the level of a constitutional issue. After filing a notice of appeal, appellant filed another post-conviction relief petition in 1992. The denial of that petition is the basis of this consolidated appeal.

Although he makes a number of assertions in his post-conviction petition, appellant only discusses the allegation that he was denied effective assistance of counsel on appeal. The trial court found this allegation to have been previously determined. T.C.A. § 40–30–112(a). We agree.

■ "A ground for relief is 'previously determined' if a court of competent jurisdiction has ruled on the merits after a full and fair hearing." T.C.A. § 40–30–112(a).

■ When appellant filed his letter—which was effectively treated as a post-conviction relief petition or as a motion under Rule 32(f) of the Tennessee Rules of Criminal Procedure—he was appointed counsel and afforded a hearing on the issue of ineffective assistance of counsel. Neither the trial court nor this Court found his complaint to be with merit. The Tennessee Supreme Court denied his application for permission to appeal. We are satisfied, despite appellant's contentions to the contrary, that the trial court permitted appellant a full and fair hearing on the merits concerning this ground for relief. T.C.A. § 40–30–112(a). Appellant is thus barred from raising and relitigating this issue in post-conviction proceedings.

We next find that the trial court properly dismissed appellant's petition without the appointment of counsel or an evidentiary hearing.

■ Appellant cites *Swanson v. State,* 749 S.W.2d 731 (Tenn.1988) for the proposition that counsel should have been appointed and that he should have been provided with an evidentiary hearing on the issue of ineffective assistance of counsel at the guilty plea submission. In our view, *Swanson* requires neither counsel nor a hearing when it is clear that a petitioner is entitled to no relief. Counsel at post-conviction proceedings are provided when a petition is inarticulate or not artfully drawn. *See* T.C.A. § 40–30–107. If the petition, pleadings and record conclusively show that appellant is entitled to no

relief, then the court may order the petition dismissed without the appointment of counsel and without an evidentiary hearing. *Swanson*, 749 S.W.2d at 734. *See also,* T.C.A. § 40-30-109.

Appellant has presented artfully drawn post-conviction relief petitions, and there is no question about his allegations. He has already had a hearing on these issues. The issues have been litigated and affirmed on appeal. Based upon the records that we have seen, the allegations are unsupported by fact. Appellant has never shown that he was prejudiced by his counsels' alleged ineffectiveness. The trial court appropriately dismissed the petition without the appointment of counsel or an evidentiary hearing.

The judgment of the trial court below is affirmed in all respects.

SCOTT, P.J., and WHITE, J., concur.