IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 23, 2014


**CHARLES LANE v. BRUCE WESTBROOK, Warden**

Direct Appeal from the Circuit Court for Bledsoe County
No. 2014-CR-2, Buddy D. Perry, Judge

_____

**No. E2014-00356-CCA-R3-HC - Filed August 28, 2014**

_____

The petitioner, Charles Lane, filed a petition for habeas corpus relief challenging his Sevier County convictions of first degree murder and aggravated sexual battery. Petitioner seeks relief alleging he was not warned of his *Miranda* rights before giving a statement, and that he was suffering from mental deficiencies at the time of his guilty plea. Because the petition fails to present a cognizable claim for habeas corpus relief, we affirm the habeas corpus court's summary dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOE H. WALKER, III, Sp.J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., J., and ROBERT W. WEDEMEYER, J., joined.

Charles Lane, Pikeville, Tennessee, pro se.

Robert Cooper, Attorney General and Reporter; Leslie E. Price, Senior Counsel, Criminal Justice Division, for the appellee, State of Tennessee.


**OPINION**

Petitioner was indicted in Sevier County for murder in the first degree and aggravated sexual battery. The state sought the death penalty. Several months later, the defendant waived his right to a jury trial and pled guilty to each charge. A Range II, especially aggravated offender, the defendant received consecutive sentences of life imprisonment for murder and

35 years for the aggravated sexual battery. Less than two weeks after the imposition of sentence, petitioner sought to withdraw the guilty plea to aggravated sexual battery, which was denied and affirmed on appeal. *State v. Lane,* 1990 Tenn. Crim. App. LEXIS 813. Post conviction relief was denied by the trial court and affirmed on appeal. *Lane v. State*, 906 S.W.2d 1 (Tenn. Crim. App. 1993).

In November 2013, petitioner filed for a writ of habeas corpus in the wrong county, which was transferred to Beldsoe County, where the petitioner was incarcerated. The habeas corpus court summarily dismissed the petition in January 2014.

On appeal, petitioner asserts he is entitled to habeas corpus relief: (1) because he was not warned of the *Miranda* rights before giving a statement to police, and (2) because he was suffering from mental deficiencies at the time of his guilty plea.

"The determination of whether habeas corpus relief should be granted is a question of law*." Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007) (citing *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000)). Our review of the habeas corpus court's decision is, therefore, "de novo with no presumption of correctness afforded to the [habeas corpus] court." Id. (citing *Killingsworth v. Ted Russell Ford, Inc*., 205 S.W.3d 406, 408 (Tenn. 2006)).

The writ of habeas corpus is constitutionally guaranteed, *see* U.S. Const. art. 1, § 9, cl. 2; Tenn. Const. art. I, § 15, but has been regulated by statute for more than a century, *see Ussery v. Avery*, 222 Tenn. 50, 432 S.W.2d 656, 657 (Tenn. 1968). Tennessee Code Annotated section 29-21-101 provides that "[a]ny person imprisoned or restrained of liberty, under any pretense whatsoever, except in cases specified in § 29-21-102, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." T.C.A. § 29-21-101 (2006). Despite the broad wording of the statute, a writ of habeas corpus may be granted only when the petitioner has established a lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. *See Ussery*, 432 S.W.2d at 658; *State v. Galloway*, 45 Tenn. (5 Cold.) 326 (1868). The purpose of the state habeas corpus petition is to contest a void, not merely a voidable, judgment. *State ex rel. Newsom v. Henderson*, 221 Tenn. 24, 424 S.W.2d 186, 189 (Tenn. 1968). A void conviction is one which strikes at the jurisdictional integrity of the trial court. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

A habeas corpus petition is used to challenge void and not merely voidable judgments. *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007). A voidable judgment is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity. Id. at 256; *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998). A void

2

judgment "is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment." *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999); *Dykes*, 978 S.W.2d at 529.

If the allegations of petitioner are true and correct, it would not make the judgments void, but merely voidable, and therefore not the subject for habeas corpus relief.

If he was not given the *Miranda* warnings before making a statement, it would not make the conviction void. A violation of *Miranda* is not cognizable in a habeas corpus proceeding. *Williams v. Howerton*, 2012 Tenn. Crim. App. LEXIS 824.

Petitioner's claim that the plea was not voluntary due to mental deficiencies at the time of the guilty plea must also fail because it would require proof beyond the face of the record. An involuntary guilty plea claim is not cognizable in habeas corpus. *Summers v. State*, 212 S.W.3d 251, 259 (Tenn. 2007). It is noted that petitioner in his brief states that he had a mental evaluation while being held in the county jail, although he complains that he does not believe it was a proper evaluation.

Because the petitioner failed to state a cognizable ground for habeas corpus relief, summary dismissal was appropriate.

Accordingly, the judgment of the habeas corpus court is affirmed.

_____
JOE H. WALKER, Sp.J.