IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs March 4, 2025

## JACQUET MOORE v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
No. 14-05951            Carlyn L. Addison, Judge

_____

### No. W2024-01146-CCA-R3-PC
_____

The Petitioner, Jacquet Moore, appeals the Shelby County Criminal Court's summary denial of his post-conviction petition, seeking relief from his conviction of aggravated rape and resulting sentence of sixty years to be served at one hundred percent. On appeal, the Petitioner claims, and the State concedes, that the post-conviction court erred by denying his amended petition without conducting an evidentiary hearing on his claim of ineffective assistance of trial counsel. Based on our review, we conclude that the post-conviction court properly denied relief as to one of the Petitioner's grounds for relief but that the case must be remanded for an evidentiary hearing on his remaining grounds. Therefore, the judgment of the post-conviction court is affirmed in part and reversed in part, and the case is remanded to the post-conviction court for further proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed in Part, Reversed in Part, Case Remanded**

JOHN W. CAMPBELL, SR., J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and MATTHEW J. WILSON, JJ., joined.

John P. McNeil (on appeal) and Claiborne H. Ferguson (amended petition), Memphis, Tennessee, for the appellant, Jacquet Moore.

Jonathan Skrmetti, Attorney General and Reporter; Kirby May, Assistant Attorney General; Steve Mulroy, District Attorney General; and Leslie Byrd, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

In November 2014, the Shelby County Grand Jury indicted the Petitioner for an aggravated rape that occurred in January 2000. *State v. Moore*, No. W2017-02058-CCA-R3-CD, 2019 WL 267844, at *1 (Tenn. Crim. App. Jan. 18, 2019), *perm. app. denied* (Tenn. May 17, 2019). The Petitioner went to trial in December 2016. *Id*. On the day of trial, the State filed a motion in limine pursuant to Tennessee Rule of Evidence 412 to prohibit defense counsel and all defense witnesses from making any reference to the victim's alleged sexual behavior with anyone other than the Petitioner. *Id*. In the motion, the State noted that the Petitioner failed to file a written motion to offer such evidence at least ten days before trial as required by Rule 412, which addresses whether evidence of a victim's sexual behavior is relevant and the procedure to determine when such information should be allowed into evidence. *Id*.; *see* Tenn. R. Evid. 412. The State filed a second motion in limine to prevent defense counsel "'from asking the victim whether she was engaged in prostitution on the date of offense without a good faith basis' or 'from asking any witness if the locations of the offense or the surrounding areas have a reputation for prostitution, high crime, or drug activity.'" *Id*. The trial court granted both motions. *Id*.

At trial, the victim testified that she was walking home from a nightclub in the early morning hours of January 23, 2000, when the Petitioner pulled up in a car and offered her a ride. *Id*. The victim declined, so the Petitioner got out of the car and threatened to kill her if she did not get inside the vehicle. *Id*. The victim did as she was told and saw a gun in the center console. *Id*. The Petitioner drove the victim to a secluded parking lot, vaginally raped her, and dropped her off near her apartment. *Id*. at *1-2. The victim reported the incident to the police, and evidence was collected for a rape kit at the Rape Crisis Center. *Id*. at *2. More than fourteen years later, in February 2014, the police showed the victim a photograph array containing the Petitioner's photograph, and she identified him as the perpetrator. *Id*. However, she was "only about 50% sure of her identification." *Id*. Forensic analysis of the victim's rape kit revealed the presence of sperm on her vaginal swab, and the major contributor to the DNA profile matched the Petitioner's DNA. *Id*. at *3. The trial court did not allow the defense to question the State's DNA expert about the presence of an unidentified, minor contributor to the DNA profile, agreeing with the State that the questioning would violate Tennessee Rule of Evidence 412. *Id*. The jury convicted the Petitioner of aggravated rape by force or coercion and while armed with a weapon, and the trial court sentenced him to sixty years in confinement to be served at one hundred percent. *Id*.

On direct appeal of his conviction to this court, the Petitioner claimed that the evidence was insufficient to show that he was armed with a weapon. *Id*. This court found the evidence sufficient to show that he constructively possessed the gun that was in the console. *Id*. at *4. The Petitioner also claimed that the trial court erred by not allowing him to elicit evidence that the location of the crime was in an area known for prostitution and by prohibiting him from cross-examining the State's DNA expert about DNA evidence

"'from an unknown individual as an exception to Rule 412.'" *Id*. at *5. This court ruled that both lines of questioning were irrelevant to the issue of whether the Petitioner raped the victim. *Id*. This court then stated as follows:

> Further, because the [Petitioner] was charged with aggravated rape, the rules outlined in Rule 412 of the Tennessee Rules of Evidence applied to his trial. Tenn. R. Evid. 412. As noted by the State, in order to discuss specific instances of the victim's sexual behavior at trial, which would include evidence of an unidentified individual's DNA found on the victim's vaginal swab, the [Petitioner] was required to follow the procedures outlined in Rule 412. Thus, the [Petitioner] needed to file a written motion "no later than ten days before the date on which the trial [was] scheduled to begin" detailing "the specific evidence and the purpose for introducing it." Tenn. R. Evid. 412(d). The record indicates the [Petitioner] patently failed to comply with the requirements of Rule 412 and thus, the trial court correctly prohibited the [Petitioner] from questioning the State's DNA expert regarding the unidentified DNA profile. Tenn. R. Evid. 412(c), (d). The [Petitioner] is not entitled to relief.

*Id*. at *6.

In July 2019, the Petitioner filed a timely pro se petition for post-conviction relief. The Petitioner claimed in the petition that he received the ineffective assistance of counsel because trial counsel failed to file a motion to dismiss the indictment due to the fourteen-year delay between the offense and the filing of the indictment; because trial counsel failed to investigate the victim's employment as an exotic dancer at the time of the crime; and because trial counsel failed to file a timely motion pursuant to Tennessee Rule of Evidence 412, which deprived him of his right "to question the accuser." On September 3, 2019, the State filed a response to the petition, acknowledging that the Petitioner's allegations warranted an evidentiary hearing. Two days later, the post-conviction court appointed counsel. Appointed counsel filed an amended petition, asserting that trial counsel was ineffective for failing to file a Rule 412 motion, which prevented the Petitioner from presenting a third-party defense that someone else raped the victim and prevented him from cross-examining the victim. In support of his claim, the Petitioner noted that trial counsel "tried to backdoor" a third-party defense by arguing that the area of the crime was known for prostitution; however, the trial court prohibited the evidence because trial counsel did not file a Rule 412 motion. The Petitioner raised two additional grounds of ineffective assistance of counsel: trial counsel was ineffective for failing to impeach the victim on cross-examination and trial counsel was ineffective for failing to investigate the case properly and seek funding for investigative services.

- 3 -

On July 23, 2024, the post-conviction court filed an order summarily denying the petition for post-conviction relief, stating as follows:

> While not addressing counsel's failure to file the Rule 412 Motion specifically; (the Petitioner did not raise the issue of ineffective assistance of counsel on appeal) the Court of Criminal Appeals did find that "none of the evidence proffered was relevant to the defendant's trial." Petitioner Moore only argued that the trial court erred. His post[-] conviction claim, however has no merit. Even if his counsel had made an error by failing to file the 412 motion, the appellate court ruled that the 412 evidence proffered was properly excluded due to irrelevancy.
>
> IT IS THEREFORE ORDERED that the Petitioner's Petition for post-Conviction Relief is hereby DENIED, without the necessity of a full evidentiary hearing.

## ANALYSIS

The Petitioner contends, and the State concedes, that the post-conviction court erred by summarily denying the petition. Not bound by the State's concession, we partially agree with the Petitioner and the State.

"Relief under [the Post-Conviction Procedure Act] shall be granted when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103. The petition for relief "must contain a clear and specific statement of all grounds upon which relief is sought, including full disclosure of the factual basis of those grounds." Tenn. Code Ann. § 40-30-106(d). When a petition is timely filed, the post-conviction court must determine whether the petition asserts a colorable claim for relief. Tenn. Sup. Ct. R. 28 § 2(B)(2). A "colorable claim" is defined as "a claim . . . that, if taken as true, in the light most favorable to petitioner, would entitle petitioner to relief under the Post-Conviction Procedure Act." Tenn. Sup. Ct. R. 28 § 2(h).

If the petition fails to state a colorable claim, then summary dismissal is appropriate. *Arnold v. State*, 143 S.W.3d 784, (Tenn. 2004). However, if the post-conviction court determines that the petition of an indigent pro se petitioner states a colorable claim, then the post-conviction court must enter a preliminary order in which the court (1) appoints counsel to an indigent petitioner who requests counsel and (2) directs the petitioner or counsel for the petitioner to file an amended petition, or written notice that no amended petition will be filed, within thirty days of the order. *Burnett v. State*, 92 S.W.3d 403, 407

(Tenn. 2002); *Arnold*, 143 S.W.3d at 786 (Tenn. 2004); *see* Tenn. Sup. Ct. R. 28 § 6(B)(3)(a), (b).

Finally, the post-conviction court reviews the entire record, which includes "the petition, the State's response, and any other files and records before it." *Burnett*, 92 S.W.3d at 407. If the post-conviction court determines that the petitioner is not entitled to relief, the court must dismiss the petition. *Id*. (citing Tenn. Code Ann. § 40-30-109(a)).

> [T]he Post-Conviction Procedure Act clearly affords the trial court the authority to dismiss a petition without holding an evidentiary hearing, notwithstanding the fact that the petition may have survived earlier dismissal. . . . Therefore, once a petitioner is afforded the benefit of counsel, the trial court may evaluate the claim and determine whether the petitioner is entitled to relief without holding an evidentiary hearing.

*Id*.; *Swanson v. State*, 749 S.W.2d 731, 736 (Tenn. 1988) (stating that "[w]hen a colorable claim for relief has been presented, a hearing may not be necessary after the petitioner has had the assistance of counsel to amend the petition, by which the court may then fully evaluate the merits of the claim"). A post-conviction court's decision to summarily dismiss a petition for post-conviction relief is reviewed de novo as a question of law. *Burnett*, 92 S.W.3d at 406.

To establish a constitutional claim of ineffective assistance of counsel, a petitioner has the burden to show that trial counsel's performance was deficient, and that counsel's deficient performance prejudiced the outcome of the proceeding. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see State v. Taylor*, 968 S.W.2d 900, 905 (Tenn. Crim. App. 1997) (noting that the same standard for determining ineffective assistance of counsel that is applied in federal cases also applies in Tennessee). The *Strickland* standard is a two-prong test:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

466 U.S. at 687.

Here, the Petitioner's primary contention in the amended petition was that trial counsel's failure to file a motion pursuant to Tennessee Rule of Evidence 412 prevented him from presenting a third-party defense that someone else raped the victim. The post-conviction court examined the record, including this court's direct appeal opinion, and recognized that the Petitioner did not raise a claim of ineffective assistance of counsel in the trial court. The court then addressed the ground for relief on the merits and concluded that the Petitioner failed to show he received the ineffective assistance of counsel because he could not demonstrate prejudice. We are compelled to agree with the post-conviction court. On direct appeal of the Petitioner's conviction, this court found that evidence the Petitioner sought to present pursuant to Rule 412 was irrelevant to the issue of whether he raped the victim. Specifically, this court stated that "[t]he behavior of the victim in no way refutes [her] identification of the [Petitioner] as her perpetrator or the finding of the [Petitioner's] DNA on the victim's vaginal swab" and that "the presence of another's DNA profile on the victim's vaginal swab has no bearing on whether the victim consented to sexual intercourse with the [Petitioner]." *Moore*, 2019 WL 267844, at \*5. The Petitioner did not allege any specific facts in the amended petition to establish that he was prejudiced by trial counsel's failure to file a pretrial motion pursuant to Tennessee Rule of Evidence 412. Therefore, even if trial counsel was deficient for not filing a Rule 412 motion, the Petitioner has not demonstrated prejudice. Accordingly, we affirm the post-conviction court's denial of post-conviction relief regarding that ground.

That said, the Petitioner raised two additional grounds for ineffective assistance of counsel in his amended petition. He alleged that trial counsel failed to cross-examine the victim effectively because her story "changed over time and this provided fertile grounds for impeachment." He also alleged that "[t]he lack of investigative work led to the failure of the trial attorneys to be properly prepared and fully aware of the facts as they would be presented at trial and . . . for an effective defense or cross examination to the testimony." However, the post-conviction court did not mention either ground in its order summarily denying relief. The post-conviction court's order of dismissal "shall set forth the court's conclusions of law." Tenn. Code Ann. § 40-30-109(a). Thus, we conclude that the case should be remanded to the post-conviction court for an evidentiary hearing on the Petitioner's additional grounds of ineffective assistance of counsel. *See id*. at 40-30-110(c) (providing that "[p]roof upon the petitioner's claim or claims for relief shall be limited to evidence of the allegations of fact in the petition").

## CONCLUSION

Based upon our review, the judgment of the post-conviction court is affirmed in part and reversed in part, and the case is remanded to the post-conviction court for further proceedings consistent with this opinion.

s/ John W. Campbell
JOHN W. CAMPBELL, SR., JUDGE